■ In the Matter of NORMAN KATZ, Petitioner, v GORDON M. AMBACH, as New York State Commissioner of Education, et al., Respondents.—Proceeding pursuant to CPLR article 78 initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Board of Regents which suspended petitioner's license to practice medicine. Petitioner, a physician, was charged with four specifications of misconduct: (1) conviction of the crime of grand larceny in the third degree, (2) practicing his profession fraudulently (Education Law, § 6509, subd [2]) in that he unlawfully issued prescriptions for controlled substances not in good faith, (3) permitting, aiding and abetting an unlicensed person (office receptionist) to take X rays and select X-ray technique knowing the receptionist was not a licensed X-ray technician, and (4) unprofessional misconduct (Education Law, § 6509, subd [9]) by reason of the misconduct contained in the first three specifications. The Committee on Professional Conduct of the State Board for Medicine, after hearing, found petitioner guilty of each charge and recommended that his license be revoked on each charge, but that revocation be stayed and petitioner be placed on probation for five years. The Regents Review Committee recommended that the Board of Regents accept the panel's finding of guilt on each charge, but that petitioner's license be suspended for a period of five years on each charge, to run concurrently, with the last four and one-half years stayed. The Board of Regents adopted the findings as recommended by the review committee. This proceeding was then initiated in this court by petitioner. Of course, our review is limited to ascertaining if the agency determination is supported by substantial evidence *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Since petitioner entered a plea of guilty to the crime of grand larceny in the third degree, and issued prescriptions for controlled substances to various officers

of the Westchester County Sheriff's office without medical examinations or adequate inquiry on at least six separate occasions, and conceded that he allowed his unlicensed office receptionist to take X rays, we hold that the findings of guilt below with respect to the first three specifications, as well as the finding of guilt as to the charge of professional misconduct contained in the fourth specification, are amply supported in the record by substantial evidence and must be affirmed. Next, we do not find the discipline imposed to be disproportionate to the offenses charged *(Matter of Shephard v Ambach,* 68 AD2d 984, 986). Petitioner's other points of contention are without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.