OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Both claimant and the Attorney-General suggest that the board found that claimant was discharged because he failed to answer the employer’s question as to whether he could get a doctor’s note to verify his illness. The decision mentions that fact but its finding is “We reject claimant’s contention that he was too ill to work that day. Claimant could not be reached by telephone until noon and was able to come to his employer’s premises to pick up his tools later that day.”
 

 Though claimant presented a doctor’s note dated on the day of his absence, stating that “he was unfit to report to work”, it was not presented until the hearing before the Unemployment Compensation Board. Moreover, the employer testified that he tried a number of times during the morning to reach claimant by telephone, allowing the tele
 
 *860
 
 phone to ring numerous times, but was unsuccessful until noon. The board was not bound by claimant’s explanation (that he was sleeping in a room across the hall from where the phone was located) or by the doctor’s certificate.
 

 The board’s decision was based upon substantial evidence. Notwithstanding the Attorney-General’s contrary concession, we, therefore, affirm.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, without costs, in a memorandum.