■ In the Matter of MEMORIAL HOSPITAL, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 28, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Health finding petitioner in violation of Public Health Law §§ 206 and 2803.

On March 21 and 22, 1984, representatives of respondent Department of Health (DOH) sought access to petitioner in order to complete an inspection pursuant to Public Health Law §§ 206 and 2803. Petitioner denied the DOH representatives access to patient records and refused to allow patients to be examined. DOH obtained an inspection warrant and completed the inspection. Thereafter, DOH charged petitioner with violation of Public Health Law §§ 206 and 2803 based on its refusal to allow access to DOH representatives. A hearing

was held wherein petitioner stipulated that it would permit DOH unobstructed access to patient records. Accordingly, that part of the charges levied against petitioner dealing with medical records was withdrawn. After the hearing was concluded, the Administrative Law Judge found petitioner in violation of both charges as they related to petitioner's denial of DOH's demand to examine patients. A $4,000 fine was levied against petitioner. Respondent Commissioner of Health sustained the charges and ordered petitioner to pay the civil penalty. Petitioner commenced this CPLR article 78 proceeding to annul the Commissioner's determination. Special Term confirmed the determination and dismissed the petition. This appeal by petitioner ensued.

DOH relies on Public Health Law § 2803 (1) (a) to support its right to examine and observe patients in hospitals. This section of the Public Health Law, in pertinent part, states that "[t]he commissioner shall have the power to inquire into the operation of hospitals and to conduct periodic inspections of facilities with respect to the fitness and adequacy of the * * * standards of medical care [and] hospital service". Petitioner maintains that since Public Health Law § 2803 (1) (a) omits any reference to examination of patients in hospitals, accepted tenets of statutory construction inexorably lead to the conclusion that what was omitted was intentionally excluded. In support of that view, petitioner cites *Pajak v Pajak* (56 NY2d 394) and *Eaton v New York City Conciliation & Appeals Bd.* (56 NY2d 340). We disagree. *Eaton* construed an exemption clause specifically listing the facilities exempted from rent stabilization. Under those circumstances, the Court of Appeals held that where a statute described the particular situations to which it is to apply, an irrefutable inference must be drawn that what is omitted was intended to be omitted *(supra,* p 345). Similarly, in *Pajak,* the court construed a clause listing specific defenses available in a divorce action.

Here, the language at issue involves not a description of applicability, but merely a subsequent reference to one type of facility within the context of several types of facilities enumerated earlier in the applicability portion of the statute. While Public Health Law § 2803 (1) (a) is couched in broad terms, the Court of Appeals, in *Matter of City of New York v State of New York Commn. on Cable Tel.* (47 NY2d 89, 92), noted that "[w]here an agency has been endowed with broad power to regulate in the public interest, we have not hesitated to uphold reasonable acts on its part designed to further the regulatory scheme". Further, where, as here, the agency's

interpretation is neither irrational, unreasonable nor inconsistent with the statutory purpose, that interpretation is entitled to deference *(see, Matter of Great Lakes-Dunbar-Rochester v State Tax Commn.,* 65 NY2d 339, 343). Here, we conclude that examining and observing patients as a way to insure that they are receiving adequate medical care is a reasonable interpretation of the statute.

We are not persuaded to the contrary by petitioner's argument that the 1981 amendment to Public Health Law § 2803 (1) (a), which allowed the Commissioner to waive the required two annual inspections with respect to residential health care facilities and in its stead conduct one comprehensive inspection, had the effect of eliminating the Commissioner's concomitant right to inspect hospitals. The overriding rule of statutory construction is to give effect to the Legislature's intent *(Eaton v New York City Conciliation & Appeals Bd., supra,* p 345; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 92). We hold that the 1981 amendment to Public Health Law § 2803 (1) (a), adding specific language authorizing patient observation in inspections of residential health care facilities, did not evince a legislative intent to take away that right in hospital inspections. The Legislature intended that the amendment be cumulative, not exclusive. Accordingly, we conclude that DOH is authorized to observe and examine patients in petitioner's hospital pursuant to Public Health Law § 2803 (1) (a) and that petitioner's refusal was a violation of that statute.

Finally, we reject petitioner's contention that constructing Public Health Law § 2803 (1) (a) to allow DOH representatives to examine and observe its patients is unconstitutional because it violates a patient's right to privacy. Petitioner lacks standing to assert the constitutional rights of its patients. There must be some injury to the party challenging the administrative action *(Matter of Daniel C.,* 99 AD2d 35, 44-45, *affd* 63 NY2d 927). Petitioner's claim that it is injured as an institution when its patients are unexpectedly examined is pure speculation and is not a cognizable injury for standing purposes *(see, supra,* p 45). There is no proof that an examination by DOH will cause such a result.

We also turn away petitioner's contention that 10 NYCRR 405.25 charges it with a duty to protect the privacy rights of its patients and thus clothes it with standing to bring this proceeding. The authority relied upon by petitioner is not statutory law but a DOH regulation. That regulation provides that a hospital shall establish written policies and procedures

to protect a patient's privacy, it does not transfer any right of a patient to petitioner (see, 10 NYCRR 405.25 [a] [8], [9]).

While hospitals have been allowed standing in some cases to assert their patients' rights, standing will be denied where, as here, the hospital is being investigated (see, Matter of Grand Jury Investigation of Onondaga County, 59 NY2d 130, 133; Matter of Grand Jury Proceedings [Doe], 56 NY2d 348, 353). Therefore, it necessarily follows that since petitioner was the one being investigated, as was the hospital in Matter of Grand Jury Proceedings (Doe) (supra), it lacks standing to assert the constitutional rights of its patients in this case. We note in this regard that DOH has interpreted Public Health Law § 2803 as allowing patient examinations subject to the patient's consent based on the right of privacy.

We have considered petitioner's argument that matters which were not in the administrative record were erroneously considered by Special Term and find it to be without merit.

As a final matter, we are compelled to review the sanction imposed by the Commissioner. While petitioner did not specifically challenge the legality of the penalty in its petition or brief, the petition sought "such other and further or different relief as to the Court may seem just and proper". In our view, the sanction imposed is arbitrary and capricious and must be set aside. It appears that petitioner denied access to patients to representatives of DOH on March 21 and 22, 1984. It was found that each denial constituted a violation of both Public Health Law §§ 206 and 2803. Public Health Law § 206 (4) (c) provides that the Commissioner may: "assess any penalty prescribed for a violation of or a failure to comply with any term or provision of this chapter or of any lawful notice, order or regulation pursuant thereto, not exceeding one thousand dollars for every such violation or failure". Pursuant to this statute, the Commissioner found that each action by petitioner constituted two violations and assessed a $4,000 penalty. Such action was irrational. Public Health Law § 206 (4) (c) allows a $1,000 penalty for a violation. It is clear that, in this case, there were only two violations, notwithstanding the fact that each incident may have violated two statutes. Further, while the representatives of DOH were denied access on two consecutive days, it is apparent that petitioners made it clear to those representatives on March 21, 1984 that they would not allow access to patients without a court order. Thus, in this case there was in reality only one instance of denial. Under the Commissioner's analysis, the representatives could have returned to petitioner for a pro forma denial

each day until this matter was litigated and then asserted a multitude of "violations". The record is sufficiently complete so that we can assess the measure of punishment warranted *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). We find no fault with the Commissioner's exercise of discretion in imposing the maximum penalty of $1,000, but, as a matter of law, such penalty should be imposed on only one violation.

Judgment modified, on the law, without costs, by reversing so much thereof as confirmed that portion of the determination of respondent Commissioner of Health which imposed a penalty of $4,000; petition granted to the extent of reducing the penalty imposed to $1,000; and, as so modified, affirmed. Mahoney, P. J., Casey and Levine, JJ., concur.

Kane and Weiss, JJ., dissent and vote to reverse in the following memorandum by Weiss, J. Weiss, J. (dissenting). As the majority notes, DOH asserts that the statutory authorization to conduct investigations into "standards of medical care [and] hospital service" (Public Health Law § 2803 [1] [a]) necessarily includes the right to observe and examine patients. We respectfully disagree. By its terms, the statute does not authorize the direct examination of patients by the representatives of DOH. Nor must such a right be inferred to effectuate the purpose of the statute, which clearly is designed to ensure suitable health care in our hospital facilities. The statute authorizes wide-ranging review of the physical components of a facility, the quality of its personnel and the standards of medical care adopted, its financial feasibility and *all* records. To go further and hold that DOH enjoys virtually unlimited access to the patients themselves goes far beyond the general statutory grant of authority, and would serve to promote an unwarranted intrusion into a patient's right to privacy. In addition, to uphold the majority's interpretation of the statute would essentially allow personnel employed by DOH to pass judgment upon the skill and competence of physicians in the performance of their medical procedures and judgment. Since this power is beyond the scope of the enabling statute, the petition should be granted and the Commissioner's determination annulled.