In the Matter of LEWIS R. BRESTIN, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, May 1, 1986

*Warshaw, Burstein, Cohen, Schlesinger & Kuh (Richard H. Kuh* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Raymond J. Foley* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

Petitioner, a licensed dentist, concededly filed several claim forms with Blue Cross and Blue Shield of Greater New York (Blue Cross) in which he certified that he performed dental services during a 45-day period in 1980 when he was, in fact, suspended from the practice of dentistry and therefore did not perform such services. As a result, charges of professional misconduct were filed against petitioner, alleging that he had practiced the profession fraudulently *(see,* Education Law § 6509 [2]) and that he committed professional misconduct as defined by regulation in willfully making or filing false reports *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [6]). Following a hearing, petitioner was determined to be guilty of both specifications of professional misconduct and a penalty, which included a stayed suspension, probation and a fine, was imposed. The determination must be annulled.

The report of the hearing panel contains findings of fact and a determination as to guilt which were accepted by respondent Commissioner of Education in making the final determination under review. The hearing panel's determination as to guilt states that "the charges have been proven by substantial

legal evidence to the extent indicated in findings of fact numbered 11 and 12 and * * * [petitioner] is guilty of same to that extent". Finding number 11 states that petitioner signed and submitted certain claim forms to Blue Cross, certifying that the listed services had been or would be performed by him. Finding number 12 states that "[t]he claim forms referred to in the previous finding of fact indicated that [petitioner] performed dental services during the period in which [petitioner] was actually suspended from practice". The hearing panel also found that petitioner did not perform any of the services listed on the forms, but that those services in fact had been performed by another dentist who leased petitioner's office during the suspension period.

In our view, the factual findings adopted by the Commissioner do not provide an adequate basis to support the determination of petitioner's guilt either of practicing his profession fraudulently or of willfully making or filing a false report. The type of fraud encompassed by Education Law § 6509 (2) can be characterized as the intentional misrepresentation or concealment of a known fact (see, Matter of Sherman v Board of Regents, 24 AD2d 315, 321, affd 19 NY2d 679). The regulation upon which the second specification of the charges is based requires that the filing or making of the false statement be willful, which in turn requires a knowing, intentional or deliberate act (see, 8 NYCRR 29.1 [b] [6]; Matter of Valvo [Ross], 83 AD2d 344, 346, affd 57 NY2d 116). It is clear, therefore, that the mere making or filing of a false report, without intent or knowledge of the falsity, could not constitute professional misconduct under either Education Law § 6509 (2) or 8 NYCRR 29.1 (b) (6).

The determination of guilt herein is expressly based upon two numbered findings, which together establish only that petitioner filed false or inaccurate reports. Respondents argue that, as the administrative bodies or officers responsible for resolving factual issues, including questions of credibility, they could reject petitioner's attempt to explain the erroneous reports as the product of inadvertence and carelessness and, based upon the remaining evidence, draw the inference that petitioner intended or was aware of the misrepresentations. As an abstract legal principle, this argument is correct (see, Matter of Di Maria v Ross, 52 NY2d 771), but it has no application to this case for it is clear from the plain wording of the hearing panel's findings that respondents drew no such inference here. Our scope of review is limited to the grounds

invoked by the agency and, if those grounds are insufficient or improper, we cannot sustain the determination by substituting a proper basis *(Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593). By its own terms, the Commissioner's determination of guilt is based solely upon the hearing panel's findings which establish that petitioner filed false or inaccurate reports. Since there is an absence of anything in the determination to suggest that it was further based upon a finding of intentional or knowing misrepresentations, the determination must be annulled *(see, Matter of Hyacinthe v Glaser,* 104 AD2d 651).

KANE, J. P., WEISS, MIKOLL and LEVINE, JJ., concur.

Determination annulled, and petition granted, without costs.