■ In the Matter of CHARLES T. B. MOYO, Petitioner, v GORDON AMBACH, as Commissioner of the New York State Department of Education, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician in New York since 1980, was charged with numerous specifications of professional misconduct including, inter alia, practicing medicine fraudulently and with gross negligence, and being morally unfit for the

practice of medicine. The majority of the charges pertained to petitioner's treatment of 20 patients during a one-month period when he was affiliated with the Manhattan Stress and Pain Control Center. Despite the fact that these patients presented very different symptoms and medical histories, petitioner issued identical prescriptions of methaqualone to each of them. Petitioner was also charged with failing to disclose a 90-day suspension of his Canadian medical license on three separate applications for hospital privileges in the New York metropolitan area, based upon his negative responses to questions asking specifically whether his medical license had ever been suspended or revoked. Other charges of professional misconduct were based on petitioner's conviction of the crime of criminal solicitation in the second degree, a class D felony; petitioner had pleaded guilty to soliciting another person to kill his wife. Petitioner was also charged with practicing medicine under unauthorized names and addresses.

A disciplinary proceeding was commenced against petitioner by service of a notice of hearing on December 11, 1984. A hearing was held before a five-member panel of the State Board for Professional Medical Conduct. In its report the Hearing Panel sustained all but three of the charges against petitioner. One charge was dismissed by the Panel, *sua sponte,* and petitioner was found not guilty of two specifications that he prescribed drugs to a known addict. The Hearing Panel recommended revocation of petitioner's license to practice medicine in the State. The findings, determination and recommendation of the Hearing Panel were adopted by both the Regents Review Committee and the Board of Regents (the Board). Petitioner commenced this proceeding pursuant to CPLR article 78 and Education Law § 6510-a (4) to annul respondent's determination effectuating the Board's decision.

Petitioner contends that there is no evidence in the record to support the Board's determination that petitioner prescribed methaqualone to 20 patients fraudulently and with gross negligence. We disagree. The evidence adduced at the hearing demonstrated that, while employed by the Manhattan Stress and Pain Control Center, petitioner regularly prescribed uniform amounts of methaqualone to patients whose symptoms and medical histories varied from one another. From this evidence, the Board could properly find that petitioner was not prescribing methaqualone in good faith or for sound medical reasons. Such an abuse of the privilege to prescribe controlled substances constitutes the fraudulent practice of medicine *(see, Matter of Katz v Ambach,* 72 AD2d

894). The Board could also find that prescribing methaqualone so liberally constituted gross negligence based upon the expert testimony of Dr. Robert J. Chalemian that it was common knowledge in the medical community at the time that methaqualone was a widely abused and addictive drug which should not have been prescribed for insomnia without trying other means of treatment first.

We next reject petitioner's contention that no evidence supports the Board's conclusion that petitioner intentionally failed to disclose the earlier suspension of his Canadian medical license on three applications for hospital privileges. There is no question that petitioner was aware of the suspension and the Board was free to reject petitioner's excuse that he thought it unnecessary to mention the temporary suspension. Petitioner's other contention, that the failure to disclose the suspension did not constitute fraud because it was not "material", is also without merit.

Finally, petitioner challenges the severity of the sanction imposed by the Board. However, considering all of the charges of professional misconduct which have been sustained against petitioner, we cannot say that the penalty of license revocation is so disproportionate to these offenses " 'as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364).

Determination confirmed, and petition dismissed, with costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.