■ In the Matter of L.I.K. Business Ventures, Inc., Doing Business as Irving Kantor Apothecaries, et al., Petitioners, v David Axelrod, as Commissioner of Health of the State of New York, Respondent.—In this CPLR article 78 proceeding transferred to this court by order of the Supreme Court, New York County (Clifford A. Scott, J.), entered June 22, 1988, the petition is unanimously granted and respondent's determination dated July 7, 1987 annulled to the extent of reducing the penalty imposed by $19,850 and otherwise respondent's order is confirmed, without costs.

After administrative hearings on February 20, 1986 and March 26, 1987, petitioners, a pharmacy and its sole pharmacist, who is also its principal stockholder, were found guilty of various violations of article 33 of the Public Health Law. They were penalized a total of $3,000 for four record-keeping violations and found guilty of unlawfully dispensing 397 prescriptions for Desoxyn (an amphetamine) in violation of Public Health Law § 3304 (1) and fined $50 per violation for a total of $19,850. In addition, petitioners were found guilty of dispensing the same 397 prescriptions in bad faith in violation of Public Health Law § 3333 (1) and 10 NYCRR 80.65 and fined $50 per violation for another total of $19,850.

Public Health Law § 3304 (1) provides that it is unlawful, *inter alia,* to dispense a controlled substance except as expressly allowed by article 33 which is known as the New York State Controlled Substances Act. Section 3333 permits a licensed pharmacist, in good faith, to dispense to an ultimate user controlled substances prescribed by an authorized practi-

tioner. Thus, having been found in violation of Public Health Law § 3333 for dispensing controlled substances in bad faith, the petitioners were necessarily guilty of violating section 3304. In effect, a violation of any of the provisions of article 33 constitutes a violation of section 3304. It is clear that there were a total of 397 violations, notwithstanding the fact that each incident may have violated two sections of the statute, and, therefore, it is arbitrary and capricious for respondent to, in effect, double the fine by imposing a separate penalty under both sections. *(See, Matter of Memorial Hosp. v Axelrod,* 118 AD2d 938, 941-942, *affd* 68 NY2d 958.) Concur—Murphy, P. J., Kupferman, Ross, Asch and Ellerin, JJ.