■ In the Matter of SARAN A. PAUL et al., Petitioners, v THOMAS SOBOL, as Commissioner of Education, Respondent.— Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review two determinations of respondent which, *inter alia,* suspended petitioner Saran A. Paul's license to practice podiatry and petitioner Saran A. Paul, P. C.'s registration to operate as a professional service corporation in New York for one year.

Petitioner Saran A. Paul, a podiatrist, and his professional corporation, petitioner Saran A. Paul, P. C., were charged with five specifications of professional misconduct. Disciplinary hearings were held before the State Board for Podiatry, Office of Professional Discipline (hereinafter the Board), which unanimously concluded that petitioners were guilty of practic-

ing the profession of podiatry fraudulently, unprofessional conduct, and practicing the profession of podiatry with negligence on more than one occasion, and not guilty of practicing with gross negligence and incompetence on more than one occasion. The Board recommended a one-year suspension of Paul's license and the corporation's registration, with the last nine months of the suspensions stayed and a period of probation substituted therefor, and a fine totaling $5,100. The Board of Regents Review Committee (hereinafter Review Committee) adopted the Board's findings and recommendations but modified the recommended discipline so as to stay the one-year suspensions entirely and, instead, place petitioners on probation for that period. The Board of Regents approved the recommendations of the Board as modified by the Review Committee and two orders adopting these findings were signed by respondent. Petitioners then brought this CPLR article 78 proceeding to review respondent's determinations.

Petitioners' primary contention is that the finding that petitioners practiced the profession of podiatry fraudulently *(see,* Education Law § 6509 [2]; 8 NYCRR 29.1 [b] [6]) is not supported by substantial evidence. We disagree. The undisputed evidence established that petitioners performed professional services for a patient for which they charged a total fee of $677 and then submitted a health insurance claim form indicating a charge of $1,216 and received payment of $1,094.98 as a result. Petitioners' defense, that they extended the patient a one-third professional courtesy discount from their usual and customary charge of $1,007, does not assist them. First, the defense was specifically rejected by respondent and matters of witness credibility in professional disciplinary proceedings are exclusively for the Board of Regents to resolve *(see, Matter of Claffey v Commissioner of Educ.,* 142 AD2d 845). Second, since the charge submitted to the health insurance carrier exceeded the sum asserted by petitioners to be their usual and customary charge, there is no question that the claim was deliberately overstated, thereby establishing the element of willfulness *(cf., Matter of Abraham v Ambach,* 135 AD2d 921, 923-924; *Matter of Brestin v Commissioner of Educ. of State of N. Y.,* 116 AD2d 357, 359). Contrary to petitioners' assertions, the purposeful act of submitting a claim for services for which a patient is not charged constitutes fraudulent practice of the profession *(see,* Education Law § 6509 [2]; *Matter of Wassermann v Board of Regents,* 11 NY2d 173, 177-178, *appeal dismissed* 371 US 23; *Matter of Chaplan v Ambach,* 91 AD2d 736) and a false insurance claim, willfully filed,

constitutes a "report" within the purview of 8 NYCRR 29.1 (b) (6) *(see, Matter of Brestin v Commissioner of Educ. of State of N. Y.,* 116 AD2d 357, 359, *supra).*

Finally, we reject the contention that the penalty imposed was disproportionate to the offenses *(see, Matter of Davidson v Board of Regents,* 155 AD2d 782, *lv denied* 75 NY2d 706).

Determinations confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.