■ In the Matter of Kenneth Kleiner, Petitioner, v Thomas Sobol, as Commissioner of Education of the State of New York, et al., Respondents.—Yesawich, Jr., J. Proceeding

pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York for one year.

Petitioner, a licensed physician in this State, was ultimately found guilty of four specifications of professional misconduct, including practicing the profession fraudulently *(see,* Education Law § 6509 [2]) and committing unprofessional conduct *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [6]). The charges were generated by petitioner's inaccurate responses to questions on separate applications for medical staff privileges at two unrelated hospitals. The Regents Review Committee recommended that petitioner's license be suspended for one year with execution stayed, and that he be required to perform 25 hours of public service for each specification, for 100 hours in total. Petitioner, contending that respondents' findings are not supported by substantial evidence and that the penalty is excessive, commenced the instant proceeding.

In April 1986, the Staten Island Hospital suspended petitioner's admitting privileges because, contrary to hospital rules and regulations and without advising the hospital, petitioner had admitted several patients at a time when he was not carrying medical malpractice insurance. Petitioner thereafter availed himself of the right to have his suspension reviewed by a committee composed of, among others, members of the hospital's medical and dental staff. On September 10, 1986, following that review, petitioner's privileges were terminated.

During the interim, petitioner submitted an application for reappointment to the medical staff of Richmond Memorial Hospital on Staten Island. In response to a question on the reappointment application inquiring whether his hospital privileges had ever been suspended or revoked, he answered "no". On September 26, 1986, Richmond Memorial, with whom petitioner then had temporary privileges, terminated those privileges because petitioner did not have malpractice insurance at a time when he was admitting patients to its hospital.

The following month, petitioner applied for privileges at Doctor's Hospital, also on Staten Island. Although he answered "yes" in response to a question regarding whether his hospital privileges had ever been suspended or revoked by any other hospital, his explanation was less than candid. He

acknowledged that his privileges had not been renewed at Staten Island Hospital, but neglected to mention the even more recent nonrenewal of his privileges by Richmond Memorial.

The foregoing facts, adduced at a hearing conducted by a Hearing Committee of the State Board for Professional Medical Conduct, fully justified the administrative finding that petitioner was guilty both of practicing his profession fraudulently (see, Matter of Moyo v Ambach, 136 AD2d 811, 813) and committing unprofessional conduct. His failure to forthrightly disclose his suspensions on his applications to Richmond Memorial and Doctor's Hospital, coupled with his own testimony, amply demonstrate that he intentionally misrepresented his privileges status on both applications (cf., Matter of Brestin v Commissioner of Educ. of State of N. Y., 116 AD2d 357). Respondents were not obliged to give credence to his exculpatory explanations.

Furthermore, none of the specifications need, as petitioner urges, relate to the actual practice of medicine (see, Matter of Gordon v Commissioner of Educ., 144 AD2d 839; Matter of Moyo v Ambach, supra). And as for petitioner's suggestion that applications for hospital privileges are not "reports" within the meaning of regulation 8 NYCRR 29.1 (b) (6), it suffices to note that inasmuch as the administrative interpretation of the regulation as embracing such applications is not so unreasonable or irrational as to be untenable, it must be accepted (see, Matter of Lumpkin v Department of Social Servs., 45 NY2d 351, 356, appeal dismissed 439 US 1040).

With respect to the penalty, respondents concede that while petitioner was found guilty of four specifications, each false application violated two provisions of the Education Law (§ 6509 [2], [9]) and that only two acts of misconduct occurred. Hence, based on Matter of Memorial Hosp. v Axelrod (118 AD2d 938, 941-942, affd 68 NY2d 958), the penalty insofar as it imposes 100 hours of public service should be reduced to 50 hours, 25 hours of public service for each of the two false applications. With that modification, the penalty is neither disproportionate to the offenses committed nor shockingly unfair (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233).

Determination modified, without costs, by reducing the number of hours of public service petitioner is required to perform from 100 to 50 hours, and, as so modified, confirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.