■ In the Matter of PAUL J. OSHER, Petitioner, v UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of the Commissioner of Education which, *inter alia,* censured and reprimanded petitioner for professional misconduct in practicing dentistry.

Respondent Department of Education charged petitioner with the fraudulent practice of dentistry *(see,* Education Law § 6509 [2]) and unprofessional conduct *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [6]) in willfully filing a false report. After a hearing, the Hearing Panel of the State Board for Dentistry found that petitioner was responsible for the submission of an insurance claim to the Civil Service Employees Association Employee Benefit Fund seeking payment for services that were never completed and that he knew that such services had not been rendered when he submitted the claim. The Hearing Panel made a determination of guilt and recommended a penalty of censure and reprimand and a fine of $2,500 on each of the charges. The Hearing Panel's findings and recommendations were accepted by respondent Board of Regents and ultimately incorporated into an order of the Commissioner of Education, challenged by petitioner in this proceeding.

Initially, we reject the contention that the Hearing Panel violated Education Law § 6510 (3) (b) by conducting a part of the hearing before less than five members. We have recently considered and rejected that argument, holding that there is no violation so long as the transcripts of the proceeding are made available to the absent members, enabling them to make an informed decision *(Matter of Laverne v Sobol,* 149 AD2d 758, 761, *lv denied* 74 NY2d 610; *see, Matter of Taub v Pirnie,* 3 NY2d 188, 194; *Matter of Freymann v Board of Regents,* 102 AD2d 912, *appeal dismissed* 64 NY2d 645). We also reject petitioner's claim that the determination is not supported by substantial evidence. The record, including petitioner's own testimony, established that the insured was petitioner's patient, that the claim form was submitted by petitioner, that the services described on the claim form were

never performed by petitioner, that petitioner performed no services on the insured on the dates indicated on the claim form, and that the insurance benefits were paid directly to petitioner. In our view, this evidence was sufficient to support a finding that petitioner willfully filed a false claim *(see, Matter of Paul v Sobol,* 159 AD2d 839; *Matter of Shmelzer v Ambach,* 86 AD2d 901, *lv denied* 56 NY2d 508; *cf., Matter of Brestin v Commissioner of Educ. of State of N. Y.,* 116 AD2d 357).* Petitioner's protestations of innocence merely raised questions of credibility which were resolved against him *(see, Matter of Paul v Sobol, supra; Matter of Prokopiw v Commissioner of Educ.,* 149 AD2d 874, 875 *appeal dismissed* 75 NY2d 809).

We agree with petitioner, however, that since both charges arise out of a single incident, it was improper to impose a penalty on each finding of guilt *(see, Matter of Kleiner v Sobol,* 161 AD2d 987, 988-989; *Matter of Memorial Hosp. v Axelrod,* 118 AD2d 938, 941-942, *affd* 68 NY2d 958). The penalty should be modified to provide for a single $2,500 fine. We have considered petitioner's remaining contentions and find them to be without merit.

Determination modified, without costs, by reducing the fine imposed from $5,000 to $2,500, and, as so modified, confirmed. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.