■ In the Matter of Lawrence Klein et al., Petitioners, v Thomas Sobol, as New York State Commissioner of Education, et al., Respondents. (And Another Related Proceeding.)— Mikoll, J. Proceedings pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review four determinations of respondent Commissioner of Education which, *inter alia,* suspended the licenses to practice podiatry in New York of petitioners Lawrence Klein and Michael Brumer for one year.

In September 1986, respondent Department of Education charged, in separate proceedings, petitioners Lawrence Klein and Michael Brumer (hereinafter collectively referred to as petitioners), podiatrists licensed to practice in New York, and their respective professional corporations, petitioners Lawrence Klein, D.P.M., P. C. and Michael Brumer, D.P.M., P. C. (hereinafter collectively referred to as the corporations), with various specifications of professional misconduct *(see,* Education Law § 6509 [2], [9]; 8 NYCRR 29.1, 29.2). Petitioners and

the corporations appeared with counsel at a joint hearing held before a Hearing Panel of the State Board of Podiatry (hereinafter the Panel) at which testimony of patients, expert witnesses and others, as well as patient records, were received in evidence.

Klein was eventually found guilty of, *inter alia,* (1) practicing podiatry fraudulently in performing surgery on Merele Lawrence which was not warranted by her condition *(see,* Education Law § 6509 [2]), (2) unprofessional conduct in ordering excessive tests, treatment or use of treatment not warranted by Lawrence's condition *(see,* Education Law § 6509 [9]; 8 NYCRR 29.2 [a] [7]), (3) fraudulently practicing podiatry in performing surgery on Betty Giambrone which was not warranted by her condition, (4) unprofessional conduct by reason of such surgery *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [11]; 29.2 [a] [7]), (5) fraudulently practicing podiatry in submitting or causing to be submitted to Blue Cross and Blue Shield of Greater New York (hereinafter Blue Cross) vouchers for administration of nitrous oxide analgesia on three separate patients knowing that those services had not been rendered *(see,* Education Law § 6509 [2]), (6) unprofessional conduct in failing to maintain a record which accurately reflected the treatment and evaluation of two patients for which such services were never rendered *(see,* Education Law § 6509 [9]; 8 NYCRR 29.2 [a] [3]), (7) unprofessional conduct via an advertisement for his podiatry practice indicating that he treated "foot and leg disorders" and could provide "painless in-office corrections" of various conditions, since treatment of leg disorders is beyond the scope of the practice of podiatry and it cannot be determined before a procedure is done whether it will be "painless" or will result in a correction *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [12] [i] *[a]),* (8) unprofessional conduct in offering to treat disorders of the leg *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [9]), (9) negligently practicing podiatry on more than one occasion (the flyer at his mall office being one occasion and the sign at his regular office the other) by reason of such advertising, and (10) incompetently practicing podiatry on more than one occasion by reason of such advertising. Brumer was found guilty of substantially similar charges excepting those involving Giambrone.

The Panel recommended that petitioners be suspended from the practice of podiatry for one year on each specification of guilt, to run concurrently, and that they each be fined $5,000. The Panel further recommended, however, that the last three months of the suspension be stayed and that each petitioner

be placed on probation for three years on stated conditions. The Panel also recommended identical suspensions and fines for the corporations.

The Regents Review Committee (hereinafter the Committee) recommended that the findings of the Panel be adopted but that the measure of discipline be modified by staying only the last month of each yearly suspension imposed and by reducing the term of probation to two years. Additionally, the Committee recommended that Klein pay a $500 fine as to each specification and that Brumer pay $625 as to each specification, with the fine for each petitioner to total $5,000. The Committee recommended that the corporations be required to perform 100 hours of public service. Respondent Board of Regents accepted the findings of the Panel and the discipline recommended by the Committee. Respondent Commissioner of Education executed orders effectuating the acts of the Board of Regents. Petitioners then commenced these proceedings by order to show cause, and they have been joined in this court in view of the several common issues.

The primary questions presented for review are whether the determinations of guilt are supported by substantial evidence and whether the penalties imposed were proper. We conclude that six of the determinations of guilt are supported by substantial evidence. There must be a modification of the penalty imposed as the corporations must be dissolved according to Business Corporation Law § 1509 and certain fines imposed upon petitioners are arbitrary and capricious since they are for various charges based on a single act *(see, Matter of Memorial Hosp. v Axelrod,* 118 AD2d 938, 941-942, *affd* 68 NY2d 958).

Respondents' contention that the underlying determinations are supported by substantial evidence is persuasive. The law is well settled that when reviewing an administrative disciplinary proceeding, a court must accept the administrative findings if they are supported by substantial evidence *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Also, a court may not review administrative findings of fact as to the weight of the evidence or substitute its judgment for that of the administrative body *(see, Matter of Pfeffer v Parkside Caterers,* 42 NY2d 59, 61).

In the proceedings here, the Panel credited neither the explanations offered by petitioners nor petitioners' patient records, but rather credited the testimony of the patients. The evidence presented was conflicting and it was thus for the

agency to pass upon the credibility of the witnesses and to base its inferences on what it accepts as the truth *(see, Matter of Ragazzino v Ross,* 52 NY2d 858, 860).

We reject petitioners' argument that they had no knowledge that the insurance claim forms submitted to Blue Cross were for services that in fact were not rendered and that the filing of those reports, without knowledge of their falsity, will not support the finding of guilt of unprofessional conduct under Education Law § 6509 (2) or 8 NYCRR 29.1 (b) (6) *(see, Matter of Brestin v Commissioner of Educ. of State of N. Y.,* 116 AD2d 357, 359). The evidence submitted permitted the fact finder to infer the required guilty knowledge and intent.

Brumer's claim, that the finding that he knowingly performed surgery upon Lawrence not warranted by her condition is not supported by substantial evidence, is without merit. Lawrence testified that she had no bunion and her testimony was accepted by the Panel. Thus, the Panel resolved another credibility issue against petitioners *(see, Matter of Ragazzino v Ross, supra,* at 860).

Klein's contention, however, that the finding that he practiced podiatry fraudulently by assisting in unwarranted surgery on Lawrence and committed unprofessional conduct by ordering excessive tests, unwarranted treatment or use of treatment facilities for Lawrence were not proven, is persuasive. The presence of Klein's signature as the assisting surgeon, without more, will not support the inference that he had knowledge that the surgery performed was unwarranted. The determination as to such findings (specification Nos. 1 and 4) should therefore be annulled. Nevertheless, the suspension of Klein's license remains in effect since the one-year terms of suspension ordered for each specification run concurrently. The amount of fine imposed, however, must be correspondingly reduced.

Klein's claim, that the finding that he performed unwarranted procedures on Giambrone must be annulled because respondents failed to set out the factual basis for such conclusion precluding judicial review, is without merit. Giambrone's testimony that her "toe was straight" and the evidence given by respondents' expert, that X rays taken of the foot did not reveal a deviation of the big toe and, consequently, a proximal Akin procedure was not needed, formed the basis for the Panel's conclusion that the procedure was unwarranted. The determination in this respect was supported by substantial evidence.

Petitioners' contention, that the finding that they were guilty of misconduct by virtue of advertising displayed in their mall office relating to treatment for "foot and leg disorders" and "painless in-office corrections" must be annulled because they cannot be held liable for the professional misconduct of their partners, is rejected. Petitioners have a professional obligation to remain cognizant of their partners' actions done in the interest of the partnership and are professionally responsible for their failure (see, Matter of Cardoso, 152 AD2d 157). Petitioners' argument that this finding was deficient due to the lack of expert testimony is not persuasive. No expert testimony was required here because the treatment of leg disorders is beyond the authorized scope of the practice of podiatry (see, Education Law § 7001). The same is not true, however, of the advertisement relating to "painless" corrections and the evidence is therefore insufficient to sustain that particular specification. Nevertheless, as the specifications of professional conduct did not solely rely on such representation, the actual penalty imposed will not be affected as a practical matter.

Petitioners' argument that the advertisements cannot be grounds for a finding of negligence or incompetence within the meaning of Education Law § 6509 (2) is well taken. This statute was intended to apply to a licensed professional's actual conduct of his practice and not to matters incidental thereto, such as advertising. The annulment of the findings as to these specifications, however, will not affect the impact of the penalty imposed because of the other specifications sustained and the imposition of concurrent suspensions (see, Matter of Okereke v State of New York, 129 AD2d 373, 376, lv denied 70 NY2d 611).

Petitioners' argument, that they were deprived of adequate notice of the charges against them in violation of due process and Education Law § 6510 (1) (c) by virtue of the failure to allege in the statements of charges that petitioners possessed the necessary knowledge that their actions were in violation of the Education Law, is not persuasive. This deficiency did not deprive petitioners of the opportunity to prepare an adequate defense (see, Matter of Block v Ambach, 73 NY2d 323, 332).

Petitioners also contend that the Panel was biased because three of the practicing podiatrists on the Panel were located within approximately 14 blocks, four miles and 10 miles from petitioners' respective offices. Therefore, they claim that these Panel members had a pecuniary interest in the outcome

depriving petitioners of their right to a fair and impartial hearing. We reject this contention. Petitioners simply did not offer sufficient evidence to establish that the three Panel members in fact had such pecuniary interest (see, Marlboro Corp. v Association of Ind. Colls. & Schools, 556 F2d 78, 82).

Petitioners' argument, that the failure of respondents to note that under Business Corporation Law §§ 1509 and 1510 the corporations must be dissolved by virtue of the suspensions of the licenses of petitioners renders the orders upon petitioners invalid and not amenable to remittal because they are not severable, is rejected. The orders are severable and the effect of the dissolution of the corporations upon the penalty imposed is open to speculation. Thus, the orders affected should be remitted to respondents for reconsideration.

Petitioners' claim, that the penalty of a one-year suspension with one month stayed and fines totaling $5,000 is excessively harsh, is rejected. The penalty imposed was not so disproportionate to the offense as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, supra). However, the fine of $625 against Brumer for each specification of which he was found guilty should be reduced to $500 per specification as the conduct of each petitioner is nearly identical. There is no justification for the distinction. Nevertheless, multiple fines imposed for single acts charged as violating several statutes are arbitrary and capricious (see, Matter of Memorial Hosp. v Axelrod, 118 AD2d 938, 941-942, supra). The fine imposed upon Klein for having performed unwarranted surgery upon Lawrence (specification Nos. 1 and 4) should be reduced by $1,000. As six of the specifications have been sustained, the fine imposed on each petitioner should be reduced to $3,000 with the term of suspension unchanged.

Determinations modified, by annulling so much thereof as (1) found petitioner Lawrence Klein guilty of the charges in specification Nos. 1 and 4, (2) found both Klein and petitioner Michael Brumer guilty of the charges in specification Nos. 11 and 12, and (3) found petitioners Lawrence Klein, D.P.M., P. C. and Michael Brumer, D.P.M., P. C. guilty of the charges in specification Nos. 5 and 12; matter remitted to respondent Commissioner of Education for reconsideration of the penalty imposed upon said corporations, and fine imposed upon Klein and Brumer reduced to $3,000 each; and, as so modified, confirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LORENZO