■ In the Matter of GEORGE S. RADNAY, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which, inter alia, suspended petitioner's license to practice medicine in New York for two years.

In this CPLR article 78 proceeding to review a determination of respondent Board of Regents, which resulted in the order of respondent Commissioner of Education, petitioner argues principally that (1) the findings of the Board of Regents are defective because any statements made on his applications for hospital reappointment privileges did not involve the practice of medicine and were not reports, (2) the Board of Regents improperly rejected his explanations and excuses for the misstatements and omissions on the applications, (3) the Commissioner of Health considered materials outside the record, and (4) the discipline imposed is excessive.

In regard to petitioner's first contention, this court has held that professional misconduct need not be related to the practice of the profession (Matter of Mussalli v Board of Regents, 159 AD2d 746, 748, lv dismissed 76 NY2d 931) and that submitting false applications to obtain hospital privileges, charges of which petitioner has been found guilty, will sustain disciplinary sanctions (Matter of Kleiner v Sobol, 161 AD2d 987, lv denied 76 NY2d 709). Petitioner's claim that applications to obtain hospital privileges are not "reports" within the meaning of 8 NYCRR 29.1 (b) (6) has also been considered and rejected by this court (Matter of Kleiner v Sobol, supra, at 989).

As to the explanations and excuses offered by petitioner, this court has consistently held that the Board of Regents is

the arbitrator of the credibility of witnesses and was thus free to reject petitioner's explanations (see, Matter of Sung Ho Kim v Board of Regents, 172 AD2d 880; see also, Matter of Kleiner v Sobol, supra). The three applications submitted to Lenox Hill Hospital and St. Luke's Roosevelt Hospital Center, wherein petitioner falsely answered "No" as to whether he had been the subject of any malpractice suit or claim, when in fact four or five such suits were then pending against him, provide the substantial evidence of petitioner's misconduct. Petitioner's explanations were found untenable and the requisite intent was amply demonstrated (see, Matter of Sung Ho Kim v Board of Regents, supra; Matter of Klein v Sobol, 167 AD2d 625, lv denied 77 NY2d 809), providing a rational basis for finding petitioner guilty of willful misconduct (see, Matter of Brestin v Commissioner of Educ. of State of N. Y., 116 AD2d 357, 359).

Finally, although petitioner claims that the Commissioner of Health considered matters outside the record in recommending a proposed penalty, it is clear from the record that the Commissioner of Education's final determination is based solely on the evidence adduced at the hearing. Substantial evidence of petitioner's guilt of the charges having been found, the determination of petitioner's guilt must be sustained.

In these circumstances, we find no basis for disturbing the penalty of a two-year suspension with the last 22 months stayed and a fine of $1,000 for each false statement on the applications, for a total of $6,000.

Mahoney, P. J., Weiss, Mikoll and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.