■ In the Matter of YOUNG I. KIM, Petitioner, v THOMAS SOBOL, as Commissioner of the State of New York, Department of Education, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which suspended petitioner's license to practice medicine in New York for one year.

In June 1987 petitioner, a physician specializing in obstetrics and gynecology, was charged with professional misconduct in (1) willfully abusing a patient (8 NYCRR 29.2 [a] [2]) and (2) engaging in conduct evidencing moral unfitness to practice medicine (8 NYCRR 29.1 [b] [5]), both arising out of the allegation that, following a gynecological examination of patient A, petitioner removed his gloves and subjected the patient to sexual contact for no medical purpose. At an administrative hearing conducted in November 1987 and December 1987, the Office of Professional Medical Conduct based its entire case upon a written statement which petitioner had given to Detective Frank Rotundo of the Suffolk County Police Department acknowledging that he engaged in the charged conduct for his own sexual gratification. Ultimately, respondent issued an order adopting the majority vote of the Board of Regents finding petitioner guilty of both specifications and imposing discipline, a determination challenged in this CPLR article 78 proceeding.

Initially, we reject the argument that the Office of Professional Medical Conduct had the burden of establishing that patient A did not consent to the contact forming the basis for the charges. Petitioner's reliance upon Penal Law § 130.05 (1), which makes the victim's lack of consent an element of most sex offenses defined in Penal Law article 130, is entirely misplaced. The simple fact is that petitioner has not been

charged with a crime and, accordingly, the Penal Law has no application to this case. Lack of consent is not a specific element of either of the specifications charged against petitioner. Further, a patient's implied consent to medically appropriate contact with her sexual or intimate parts neither legally nor logically extends to sexual contact of a nonmedical nature (compare, Penal Law § 130.00 [3]).

Next, we reject the contention that petitioner was impermissibly denied the opportunity to cross-examine patient A. Although the police report of the substance of the victim's oral statement was admitted in evidence at the hearing, it was received only as a foundation and not for the truth of the victim's accusations. Respondent's findings of guilt were based solely upon petitioner's own statement. We also note that petitioner was free to and did not call patient A as his witness. Finally, there is no merit to the contention that petitioner's written statement was the product of an illegal seizure and, thus, inadmissible as a matter of law (cf., Matter of Stedronsky v Sobol, 175 AD2d 373, lv denied 78 NY2d 864). Rotundo's testimony provided substantial evidence to support the findings that petitioner had not been arrested when he gave his statement, that petitioner was aware of and waived his Miranda rights, and that petitioner signed the statement, which was transcribed from his own words (see, Matter of Miles v Nyquist, 60 AD2d 133, 136-137, lv dismissed 44 NY2d 789). Petitioner's contrary hearing testimony merely created a factual issue for respondent's determination (see, Matter of Radnay v Sobol, 175 AD2d 432).

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.