■ JOHN DOE, Respondent, v ST. CLARE'S HOSPITAL AND HEALTH CENTER, Respondent, and OFFICE OF PROFESSIONAL MEDICAL CONDUCT, Appellant. [598 NYS2d 253] —Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered February 20, 1992, which granted petitioner's CPLR article 78 petition and dismissed the complaint in an administrative disciplinary proceeding brought by the Office of Professional Medical Conduct, unanimously reversed, on the law, without costs, the petition is dismissed, and the matter is remanded to the administrative agency for further proceedings.

In April 1987, charges of misconduct were served upon the petitioner, a physician, by the Office of Professional Medical Conduct (OPMC), a branch of the New York State Department of Health. An administrative hearing on the charges commenced on May 14, 1987. After presenting its witnesses and exhibits, the OPMC prosecution rested its case on August 10, 1987. On August 17, 1987, petitioner commenced a CPLR article 78 proceeding in Supreme Court seeking to compel compliance with certain subpoenas and seeking a stay of further administrative proceedings pending compliance. Litigation continued around this compliance order, which was ultimately issued, until, in a decision dated February 27, 1990, the IAS Court found, "A reading of the specifications has convinced this court that the petitioner, 'John Doe' should be supplied with a bill of particulars of the proof which will be used to prove the specifications in the charge." By letter dated March 1, 1990, OPMC reminded the court that OPMC had rested its case in the administrative proceeding against petitioner and that, accordingly, petitioner had complete discovery of the case against him so that a bill of particulars was unneeded. The court refused to modify its order. On February 5, 1991, the petitioner served OPMC with a demand for a bill of particulars, the response to which incorporated the administrative record below.

On March 18, 1991, the petitioner moved to dismiss the charges before the OPMC Hearing Board on the grounds of "jurisdictional defects, laches and disregard for court orders." The IAS Court, after reviewing the record of agency proceedings to determine whether there was sufficient compliance with its prior order to submit for a bill of particulars, found the evidence presented to be insufficient as a matter of law to

support the charges against the petitioner and dismissed those charges. OPMC here appeals that dismissal.

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law." *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57.) "The doctrine of exhaustion of administrative remedies requires 'litigants to address their complaints initially to administrative tribunals, rather than to the courts, and * * * to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts' ". *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375; *see also, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180, *cert denied* 476 US 1115.)

Thus, absent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency. Here, the court erred in dismissing the complaint against the petitioner prior to final adjudication on an administrative level and, accordingly, the judgment granting petitioner's CPLR article 78 petition must be reversed and the matter remanded to the Office of Professional Medical Conduct for further proceedings. Concur—Sullivan, J. P., Carro, Ellerin and Rubin, JJ.