FOURTH DEPARTMENT, DECEMBER, 1997

(December 31, 1997)

■ In the Matter of WARREN H. WILLIAMS, Respondent. NEW YORK STATE DEPARTMENT OF HEALTH, BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Appellant. [667 NYS2d 151] —Order insofar as appealed from unanimously reversed on the law without costs. Memorandum: Petitioner, a psychiatrist, was the subject of a professional misconduct proceeding commenced by respondent, New York State Department of Health, Board for Professional Medical Conduct, pursuant to Public Health Law § 230. While that proceeding was pending, petitioner sought an order in Supreme Court pursuant to CPL 710.20 suppressing evidence from use in that proceeding. Although there was no action or proceeding pending in Supreme Court, the court signed an order to show cause and stayed the professional misconduct proceeding pending determination of the application (*see*, CPL 710.40), and following oral argument the court granted the application. That was error.

It is well settled, particularly in the context of professional misconduct proceedings, that, "absent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency" (*Galin v Chassin*, 217 AD2d 446, 447; *see, Doe v St. Clare's Hosp. & Health Ctr.*, 194 AD2d 365, 366, *lv denied* 82 NY2d 662). An error of law in the administrative process is not subject to collateral review, "no matter how egregious that error may be" (*Matter of Doe v Axelrod*, 71 NY2d 484, 490). "[O]ne who objects to the act of an administrative agency must exhaust available administrative

remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *see also, Matter of Doe v Axelrod, supra,* at 491 [Simons, J., concurring]). Furthermore, "[a] violation of a constitutional right may have different consequences depending on whether the evidence obtained in violation of that right is threatened to be used in criminal or noncriminal proceedings" (*Matter of Stedronsky v Sobol*, 175 AD2d 373, 375, *lv denied* 78 NY2d 864; *see also, Matter of Mancini v Codd*, 46 NY2d 12, 31). The court has effectively precluded respondent from determining, in the first instance, the application of the exclusionary rule to its proceeding (*see, Matter of Juan C. v Cortines*, 89 NY2d 659; *Matter of Boyd v Constantine*, 81 NY2d 189).

Additionally, "administrative proceedings [pursuant to Public Health Law § 230] are mandated to proceed expeditiously to protect the public interest" (*Galin v Chassin, supra,* at 447). To allow the court to interfere in the process as it did here encourages needless delay. The legality of the search and seizure should be litigated within the professional misconduct proceeding (*see, Matter of Kim v Sobol*, 180 AD2d 976, *appeal dismissed* 80 NY2d 825, *lv denied* 80 NY2d 757; *see also, Matter of Stedronsky v Sobol, supra*).

We have not considered petitioner's estoppel argument because it was not addressed in petitioner's brief (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Suppress Evidence.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.