OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The Commissioner properly interpreted Public Health Law § 2803 (1) (a), which confers upon him "the power to inquire into the operation of hospitals and to conduct periodic inspections of facilities with respect to the fitness and adequacy of the * * * standards of medical care [and] hospital service”, to include the power to observe patients in those facilities. The Department of Health, like all administrative agencies, "is clothed with those powers expressly conferred by its authorizing statute, as well as those required by necessary implication”
 
 (Matter of City of New York v State of New York Commn. on Cable Tel.,
 
 47 NY2d 89, 92). Where, as here, an agency’s interpretation of a statute is not irrational, unreasonable or inconsistent with the statutory purpose, it is entitled to deference by reviewing courts
 
 (Matter of Great Lakes-Dunbar-Rochester v State Tax Commn.,
 
 65 NY2d 339, 343). The 1981 amendment to the statute (L 1981, ch 508),
 
 *
 
 which, with regard to hospitals, only deleted the requirement of two inspections and instead left the number of inspections to the discretion of the Commissioner, does not in any way compel a different result.
 

 We have examined petitioner’s other contentions and find them to be without merit.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 The statute was also amended this year in a manner not relevant to this appeal (L 1986, ch 208).