OPINION OF THE COURT
Titone, J.
The issue in this appeal is whether the Office of Professional Medical Conduct (OPMC), an investigative branch of the State Department of Health (DOH), has implied power to obtain an ex parte “inspection” warrant for the sole purpose of seizing a physician’s patient records during a targeted investigation of professional misconduct. We conclude that such implied power does not exist under the current statutory scheme.
Early in 1985, OPMC received a patient complaint of alleged professional misconduct on the part of petitioner, an orthopedic surgeon. As required by statute, the complaint served as the basis for a formal investigation of petitioner by OPMC (Public Health Law § 230 [10] [a]). The complaining patient’s hospital records were obtained and petitioner voluntarily turned over a copy of his office records with respect to the patient. The investigation proceeded with OPMC obtaining hospital records of several other patients that petitioner had treated. When a medical consultant obtained by OPMC opined that the records indicated evidence of negligence and/or incompetence on the part of petitioner, OPMC wrote to petitioner’s attorney to request the medical records of six additional patients. Petitioner’s attorney advised OPMC that he had instructed petitioner not to surrender the requested records because of pending litigation involving such patients. In addition, the attorney informed the DOH that petitioner would move to quash any subpoena served on him.
Subsequently, on October 15, 1985, OPMC obtained authorization pursuant to Public Health Law § 230 (10) (k) to serve a subpoena duces tecum on petitioner (see also, Public Health Law § 230 [10] [e]; [a] [i]). The subpoena was never issued. Instead, approximately a year later, OPMC applied ex parte for an inspection warrant indicating to Supreme Court that OPMC was concerned that petitioner might alter the records it sought.
Supreme Court, finding probable cause, issued the requested warrant authorizing OPMC to inspect the premises, identify *206 employees, question patients and remove and copy records. The warrant was executed on October 21, 1986 at approximately 10:00 p.m., and the records of eight patients were seized during the search.
By order to show cause, petitioner moved to vacate the inspection warrant, and suppress the use of the material seized. In addition, petitioner sought the return of the documents. Supreme Court denied the motion. The Appellate Division reversed concluding that OPMC lacked the statutory authority to obtain an inspection warrant for the purpose of seizing a physician’s patient records. We now affirm.
The law in New York is clear. An administrative agency " 'is clothed with those powers expressly conferred by its authorizing statute, as well as those required by necessary implication’ ” (Matter of Memorial Hosp. v Axelrod, 68 NY2d 958, 959, quoting Matter of City of New York v State of New York Commn. on Cable Tel., 47 NY2d 89, 92 [emphasis added]; see also, Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480). OPMC has been given the explicit power to "issue subpoenas requiring persons to appear before the board and * * * produce books, papers, records or documents” (Public Health Law § 230 [10] [k]). The additional power to obtain patient records via an ex parte "inspection” warrant is clearly not expressly delegated. Nor is there anything in the language of the Public Health Law from which such power can be fairly implied as necessary for OPMC to carry out its statutory duties.
At the outset, we note that respondent’s reliance on Public Health Law § 206 (2), which allows the Commissioner and any person authorized by him to "enter, examine and survey all grounds, erections, vehicles, structures, apartments, buildings and places”, is misplaced. The power to enter and inspect buildings, a "typical” administrative inspection where the goal is to ensure statutory or regulatory compliance (see, e.g., Public Health Law § 2803 [1] [a]; Matter of Memorial Hosp. v Axelrod, 68 NY2d 958, supra), is fundamentally different from the seizure of confidential patient files, for the purpose of obtaining evidence to prove a targeted professional misconduct case (see, Public Health Law § 230 [10] [k]). Therefore, the power to obtain an ex parte warrant to seize patient files, as was done here, cannot be inferred from Public Health Law §206(2).
Moreover, there does exist express statutory authority to *207 subpoena such records. Section 230 provides for a committee of two physicians and one lay member (Public Health Law § 230 [6]) who must approve any subpoena before it is formally issued by the executive secretary (Public Health Law § 230 [10] [k]). Once issued, the receiving physician may move to quash the subpoena pursuant to CPLR 2304, and the subpoena will be upheld only if there is "a minimal threshold showing that the complaint is authentic and that it is of sufficient substance to warrant investigation” (Matter of Levin v Murawski, 59 NY2d 35, 38; see, Matter of Axelrod [Ulster County Med. Socy.J, 99 AD2d 531, 532). Thus, the target physician is provided with notice and an opportunity to be heard prior to turning over the requested documents.
In the face of the subpoena authority, respondent has simply failed to demonstrate the necessity in this case for any other potent investigatory tool. The sole justification proffered is the possibility that documents will be altered or destroyed before they are turned over to OPMC. This reason alone is insufficient.
We are not now passing on the ultimate wisdom of permitting an ex parte inspection warrant for the purpose of investigating professional misconduct. Such a determination is best left for the Legislature, not this court. Indeed, the Legislature has not hesitated to expressly authorize other forms of civil search warrants when it deemed necessary (see, Agriculture and Markets Law § 20-a; ECL 71-0525; Family Ct Act § 1034; General Business Law § 279-g). We simply conclude that no implied power to obtain an ex parte warrant, in this case, can be inferred from the present statutory scheme.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.