■ In the Matter of ANONYMOUS, Respondent, v STATE DEPARTMENT OF HEALTH, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Kahn, J.), entered December 14, 1989 in Albany County, which granted petitioner's motion pursuant to CPLR 2307 for a subpoena duces tecum compelling production of five investigative reports for petitioner's use in a pending disciplinary proceeding.

This appeal brings up for review the question of whether Supreme Court has authority to issue a subpoena duces tecum pursuant to CPLR 2307 directing production of certain investigative reports in a pending administrative disciplinary proceeding brought under Education Law § 6509 (2) and (9). In our view, Supreme Court does not have such authority. The order of the court should therefore be reversed, the motion of petitioner denied and the subpoena duces tecum quashed.

The pertinent facts in this case are as follows. Two investi-

gators from the Office of Professional Medical Conduct (hereinafter OPMC) gave testimony during the underlying administrative hearing which indicated that there were five investigative files pertaining to six patients involved in the charges against petitioner. Petitioner's attorney demanded disclosure of the contents of the files. Counsel for OPMC refused the request on ground of confidentiality. Petitioner then requested that the Hearing Officer order that the files be turned over to petitioner or, in the alternative, issue a subpoena compelling the production of the files. The Hearing Officer refused to do so.

Petitioner then made the instant motion in Supreme Court seeking the issuance of a subpoena duces tecum under CPLR 2307. Respondent argued in opposition that the information requested was confidential pursuant to Public Health Law § 230 (11) (a). Petitioner's motion was granted and the subpoena issued. This appeal ensued.

Express authority in the Public Health Law authorizes the issuance of subpoenas in professional misconduct hearings (Public Health Law § 230 [10] [k]; *see, Matter of Shankman v Axelrod,* 73 NY2d 203, 206-207). Where such express authority has been given by statute, CPLR 2307 does not apply *(Matter of Irwin v Board of Regents,* 27 NY2d 292, 296; *Matter of Whalen v John P.,* 72 AD2d 961, 962). Consequently, Supreme Court was without authority to issue the subpoena duces tecum. In view of the factors that must be weighed in determining the propriety of the grant or denial of a request for the issuance of a subpoena duces tecum in an administrative medical disciplinary hearing, including confidentiality, it appears appropriate that judicial review be made after the hearing has concluded.

Petitioner's contention that respondent should have moved by motion to quash the subpoena pursuant to CPLR 2304 rather than prosecuting this appeal is academic in light of our decision that Supreme Court had no authority to issue the subpoena. It is likewise unnecessary to reach petitioner's argument concerning application of the confidentiality provision of Public Health Law § 230 (11) (a) concerning use of the requested material at the hearing.

Order reversed, on the law, with costs, motion denied and subpoena duces tecum quashed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.