In the Matter of JOHN A. WYSZOMIRSKI, Respondent, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Appellant.

Third Department, June 13, 1991

1

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Cynthia F. Kruesi* and *Nancy A. Spiegel* of counsel), for appellant.

*Thorn & Gershon (Paul J. Catone* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether Public Health Law § 2803-d, entitled "Reporting abuses of persons receiving care or services in residential health care facilities", applies to an alleged incident of abuse of a nursing home patient which occurred outside the facility in a treating physician's private office. Supreme Court held that the statute was inapplicable to the facts and circumstances of this case.

The incident which gave rise to this proceeding occurred in December 1988 when a resident of Guilderland Nursing Cen-

ter in Albany County was transported to a private doctor's office in the City of Albany, accompanied by a nurse's aide. Petitioner, a physician's assistant at the doctor's office, removed a cast from the patient's leg. According to the nurse's aide, petitioner slapped the patient's hand during the removal of the cast.

The incident was reported to the State Department of Health, which conducted an investigation and notified petitioner that there was sufficient credible evidence to sustain the allegation of his abuse of the patient in violation of Public Health Law § 2803-d. When his request to amend the findings or expunge them from the record was denied, petitioner commenced this CPLR article 78 proceeding in the nature of prohibition, contending that respondent lacked the authority to proceed under Public Health Law § 2803-d when the alleged abuse occurred outside the facility. Respondent appeals from the judgment in favor of petitioner. We reverse.

Public Health Law § 2803-d (6) (a) provides that respondent shall cause an investigation to be made of the allegations contained in a report of suspected abuse, mistreatment or neglect filed pursuant to section 2803-d. The statute provides that certain persons must make a report "when they have reasonable cause to believe that a person receiving care or services in a residential health care facility has been physically abused, mistreated or neglected by other than a person receiving care or services in the facility" (Public Health Law § 2803-d [1]). The statute also provides that any other person may make such a report if he or she has reasonable cause to believe that a facility resident has been physically abused, mistreated or neglected (Public Health Law § 2803-d [2]).

Respondent contends that the phrase "person[s] receiving care or services in a residential health care facility" refers to the class to be protected by the statute and not to the location of the abuse, mistreatment or neglect to be reported. We see no basis for interfering with this rational construction of the statute (see, Matter of Memorial Hosp. v Axelrod, 68 NY2d 958, 960), particularly since respondent helped draft the statute (see, mem of Sen Frank S. Leichter, 1977 NY Legis Ann, at 317). The mandatory reporting provision itself contains nothing which either expressly or implicitly limits reportable incidents of suspected maltreatment to those which actually occur in the facility (Public Health Law § 2803-d [1]). The permissive reporting provision, however, expressly refers not only to "persons receiving care or services in residential

health care facilities", but also to abuse, mistreatment or neglect "in the facility" (Public Health Law § 2803-d [2]).

It could be said that the statutory language is clear on its face and that the mandatory reporting provision extends to all incidents of suspected abuse wherever they occur, while the permissive reporting provision applies only to incidents which occur in the facility. The Court of Appeals, however, has cautioned that the "[a]bsence of facial ambiguity is * * * rarely, if ever, conclusive" *(New York State Bankers Assn. v Albright,* 38 NY2d 430, 436; *but see, Sega v State of New York,* 60 NY2d 183, 191). Respondent construes the two provisions as being coextensive *(see,* 10 NYCRR 81.2), and it would be irrational to *require* certain persons, such as a physical therapist, to report an incident of patient abuse which occurs outside the facility, but *preclude* other persons, such as a relative of the patient, from reporting the same incident. It is presumed that the Legislature could not have intended such an unreasonable result, despite the literal meaning of the words used in the statute *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 137-138).

Based upon the foregoing analysis, we are of the view that the statute is subject to three possible interpretations: both the mandatory and permissive reporting provisions are applicable wherever the alleged incident of maltreatment occurs; both provisions apply only to alleged incidents of maltreatment which occur within the confines of the facility's premises; or, while applicable to both the mandatory and permissive reporting provisions, the phrase "in the facility" does not refer only to the physical confines of facility's premises, but instead refers to any place where the patient is under the supervision and control of the facility. Although the parties' arguments focus on the first two of these possible constructions, we conclude that only the third construction gives some meaning to the phrase "in the facility" used by the Legislature in the permissive reporting provision and, at the same time, furthers the undisputed legislative intent to protect the residents of nursing homes from abuse, mistreatment and neglect *(see,* L 1977, ch 900, § 1).

It is apparent that respondent has actually adopted this third construction, for his regulations define abuse, mistreatment and neglect as incidents occurring while the facility patient or resident "is under the supervision of the facility" (10 NYCRR 81.1 [a], [b], [c]). Pursuant to this construction of the statute, the proper focus of inquiry is not on the physical

location of the alleged incident, but on the facility's supervision over the patient or resident at the time and place of the alleged incident. Such a construction is rational, for it affords the protection to nursing home patients or residents intended by the Legislature, but does not render meaningless the phrase "in the facility" inserted in the statute by the Legislature. We conclude, therefore, that respondent does not lack the authority to proceed under Public Health Law § 2803-d merely because the alleged incident of abuse herein occurred away from the facility's premises.

The record contains an affidavit which indicates that respondent considers a nursing home patient to be under the supervision of the facility whenever and wherever he or she is accompanied by a member of the facility's staff. We conclude that the issue is not so simple. Upon her arrival at the physician's office, the patient clearly came under the supervision and control of the physician for the purpose of determining and providing the appropriate care and treatment. The presence of the facility's nurse's aide raises a factual issue as to whether the facility retained sufficient supervision over the patient during the course of her treatment at the physician's office so that the alleged incident would constitute abuse as defined in 10 NYCRR 81.1 (a). Since resolution of the issue depends upon the facts and circumstances of this particular case, a final administrative determination in this matter must await a hearing pursuant to Public Health Law § 2803-d (6) and 10 NYCRR 81.6 at which the Department of Health bears the burden of proof (Public Health Law § 2803-d [6] [d]; 10 NYCRR 81.6 [c]). Accordingly, the judgment should be reversed and the matter remitted to respondent for a hearing.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and CREW III, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.