■ In the Matter of STEPHEN FISHER, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which granted a request of the Division of Taxation to quash certain subpoenas.

The issue presented in this CPLR article 78 proceeding brought pursuant to Tax Law § 2016 is whether petitioner may have judicial review of a decision of respondent Tax Appeals Tribunal to withdraw certain subpoenas it issued where no final administrative determination has been made. In our view the decision challenged may not be reviewed and, therefore, the petition should be dismissed.

Petitioner sought administrative review of an adverse ruling of the Division of Taxation. A dispute developed over the issuance of subpoenas requested by petitioner and a motion to quash or withdraw certain subpoenas was made before the Division of Tax Appeals on the ground that, *inter alia,* the witnesses subpoenaed could not give any relevant testimony at petitioner's pending hearing. The Administrative Law Judge (hereinafter ALJ) assigned to the hearing declined to issue or withdraw the subpoenas on the ground that he had no authority to do so. Subsequently, the Division of Taxation filed a notice of exception with the Tribunal, which then ruled that the ALJ did have such authority, granted the Division of Taxation's request and withdrew all but one of the subpoenas. The Tribunal also stated that petitioner could request additional subpoenas upon demonstrating that the testimony desired was relevant. Petitioner then commenced this CPLR article 78 proceeding to annul the Tribunal's determination.

Judicial review of a nonfinal administrative determination is precluded by virtue of CPLR 7801 (1). Regulations of the Department of Taxation and Finance provide that "[a]n order by the [T]ribunal which does not finally determine all matters and issues contained in the petition * * * shall not be deemed final and conclusive until the [T]ribunal shall have rendered a decision on the remaining matters and issues" (20 NYCRR 3000.5 [a] [5]). Issues raised in the petition, other than the subpoenas, were not addressed and thus the instant proceeding does not seek to review a final determination under the pertinent rules. Moreover, courts have held that where, as here, the power of the agency to issue a subpoena in an administrative proceeding is found in a specific statute, other than the general authority conferred in the CPLR *(see,* Tax Law § 2006 [10]; 20 NYCRR 3000.6 [b] [3], [c] [1]), the propriety

of the issuance or nonissuance of the subpoena is appropriately challenged on review of the agency's final determination (*see, Matter of Irwin v Board of Regents,* 27 NY2d 292, 296-297; *see also, Matter of Anonymous v State Dept. of Health,* 173 AD2d 988). The instant proceeding is therefore premature. We find it unnecessary to reach other issues raised by the parties.

Casey, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Adjudged that the petition is dismissed, without costs.