OPINION OF THE COURT
Joseph C. Teresi, J.
Petitioners in this combined CPLR article 78 and declaratory judgment action seek an order granting the following *176 relief: (a) Temporarily restraining the operation of the October 5th rule; (b) Preliminarily enjoining the operation of the October 5th rule until a decision on the merits is rendered; (c) Declaring invalid and null and void the October 5th rule; (d) Permanently enjoining respondents from adopting a rule identical or similar to the rules of March 28th, June 28th, and October 5th without new supporting evidence and without leave of this court; (e) Awarding the costs, disbursements, and attorneys’ fees relating to this action; and (f) For such other and further relief as the court may deem just and proper.
Respondents oppose the motion and seek dismissal of the complaint/petition and a denial of all injunctive relief.
Initially, the court notes that the issue of standing has already been addressed in Matter of Brodsky v Zagata (165 Misc 2d 510) decided on May 24, 1995 by this court. Therefore, the court finds standing as previously decided and will decide the petition on the merits.
As a brief history of this case, on March 28, 1995 Department of Environmental Conservation (DEC) adopted an emergency rule which repealed 6 NYCRR 326.2 (b) (10). Petitioners brought a combined article 78 and declaratory judgment action seeking a ruling that would declare the emergency rule repealing 6 NYCRR 326.2 (b) (10) invalid, null and void. On May 24, 1995 this court found that the March 28th rule failed to comply with State Administrative Procedure Act § 202 and that the adoption of the rule was arbitrary and capricious. On June 28th respondents adopted an emergency rule which again repealed 6 NYCRR 326.2 (b) (10). Petitioner challenged the adoption of the June 28th rule and on July 11,1995 this court again declared the emergency rule invalid. On October 5, 1995 DEC adopted a rule which repeals 6 NYCRR 326.2 (b) (10). Petitioner alleges that the October 5th regulation was arbitrary and capricious, is in contravention of this court’s prior decisions and an abuse of DEC authority. This court disagrees.
The issue before this court is whether the October 5th regulation is supported by a rational basis. Respondent correctly points out to the court that a public health determination, such as this, requires the court to give great deference to an agency’s determination that involves an area involving its authority, expertise and experience. (Matter of Society of Surgeons v Axelrod, 77 NY2d 677, 685 [1991].)
The standard for the court, recently stated by the Court of Appeals in Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health (85 NY2d 326, 331-332 [1995]), is:
*177 "The standard for judicial review of an administrative regulation is whether the regulation has a rational basis and is not unreasonable, arbitrary or capricious (see, Matter of New York State Assn. of Counties v Axelrod, 78 NY2d 158, 166; Matter of Bates v Toia, 45 NY2d 460, 464). An administrative agency’s exercise of its rule-making powers is accorded a high degree of judicial deference, especially when the agency acts in the area of its particular expertise (see, Matter of Memorial Hosp. v Axelrod, 68 NY2d 958, 960; 5 Davis, Administrative Law § 29:3, at 343 [2d ed]). Accordingly, the party seeking to nullify such a regulation has the heavy burden of showing that the regulation is unreasonable and unsupported by any evidence (see, Matter of New York State Health Facilities Assn. v Axelrod, 77 NY2d 340, 349-350; Matter of Society of N. Y. Hosp. v Axelrod, 70 NY2d 467, 473; cf., Matter of Jewish Hosp. v Whalen, 47 NY2d 331, 343).
"Although documented studies often provide support for an agency’s rule making, such studies are not the sine qua non of a rational determination. As we have previously stated, in a rate-fixing decision 'the commissioner, of course, is not confined to factual data alone but also may apply broader judgmental considerations based upon the expertise and experience of the agency he heads’ (see, Matter of Catholic Med. Ctr. v Department of Health, 48 NY2d 967, 968-969).”
Unlike the prior proceedings before this court, this court is not determining whether the Commissioner properly decided that an emergency exists to support its administrative action.
Accordingly, as stated in Consolation Nursing (supra) the petitioner must show the regulation is unreasonable and unsupported by any evidence. This court is well aware that the record contains some indication that high concentration DEBT poses a health hazard, however, it is not this court’s function to substitute its judgment for that of the Commissioner’s, so long as there is any support for the regulation. After a full review of this record the court will not disturb the decision by the Commissioner.
This court concludes the respondent has met the burden of showing any evidence in support of its decision. The record contains adequate proof which coupled with the affidavits of Dr. DeBuono and Dr. Grey meet the minimal requirement as established by the Court of Appeals. The record also reflects a public hearing held on June 2, 1995 with oral testimony and *178 the presentation of voluminous written submissions. Viewed as a whole, the October 5th regulation will not be disturbed as arbitrary and capricious nor an abuse of discretion.
The court has examined petitioner’s remaining contentions and finds them to be without merit. The complaint/petition is dismissed.