[646 NYS2d 188]

In the Matter of RICHARD L. BRODSKY, as Chairman of the New York State Assembly Committee on Environmental Conservation, et al., Appellants, v MICHAEL D. ZAGATA, as Commissioner of New York State Department of Environmental Conservation, et al., Respondents.

Third Department, July 18, 1996

### APPEARANCES OF COUNSEL

*John Rousakis,* Albany *(Richard L. Brodsky* of counsel), for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(William S. Helmer, Victoria A. Graffeo, Peter H. Schiff* and *William E. Storrs* of counsel), for respondents.

*David M. Ross,* New York City, for Association of the Bar of the City of New York, *amicus curiae.*

### OPINION OF THE COURT

YESAWICH JR., J.

In April 1992, respondent Department of Environmental Conservation (hereinafter DEC) promulgated a rule prohibiting the sale of products containing high concentrations (greater

than 30%, or in some instances 33.33%) of the insect repellent DEET (N,N-diethyl-m-toluamide) (*see,* 6 NYCRR former 326.2 [b] [10] [hereinafter the original rule]). DEC's authority to promulgate such a rule, and the rationality of its decision to do so, were challenged without success (*see, Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382).

Shortly after the Court of Appeals upheld the original rule, respondent Commissioner of DEC received a communication from respondent Commissioner of Health recommending that DEC repeal it, and again permit higher concentration DEET repellents to be sold in the State. This recommendation was premised, in part, upon a 1994 study demonstrating a positive correlation between the duration of repellency and the concentration of DEET applied to the skin. DEC thereafter adopted an emergency rule (hereinafter the first emergency rule) repealing the ban, and initiated the conventional process for promulgating a final rule to the same effect. While the latter process was ongoing, the first emergency rule was struck down by Supreme Court, which found, *inter alia,* that DEC had not complied with the requirements of the State Administrative Procedure Act and had failed, in its notice of adoption, to "explain in any detail why compliance with normal rule-making procedure would be contrary to the public interest", and hence why adoption of an emergency rule was necessary (*Matter of Brodsky v Zagata,* 165 Misc 2d 510, 515).

A second emergency rule, identical to the first, was adopted on June 28, 1995. That rule was also challenged and it, too, was declared invalid; the stated reason for doing so was that the agency had failed to demonstrate a rational basis for its action.

In October 1995, DEC adopted the final rule (the rule at issue on this appeal) repealing the DEET ban, prompting petitioners to commence this combined action and proceeding, in which they argue that respondents acted arbitrarily and capriciously by reversing their position in the absence of any concrete scientific proof that higher concentrations of DEET are more efficacious or safer than had been previously established. Supreme Court disagreed and upheld the final rule (167 Misc 2d 175); this appeal ensued.

[1] Initially, petitioners contend that Supreme Court employed an incorrect standard when it observed that an agency's rule-making action must be sustained unless it is shown to be "unreasonable and unsupported by *any* evidence" (*supra,* at 177 [emphasis supplied]). Petitioners read Supreme

Court's opinion too narrowly; when the decision is read as a whole, it is apparent that Supreme Court applied the proper standard, as articulated by the Court of Appeals in *Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health* (85 NY2d 326, 331-332), namely, that an administrative regulation is to be upheld if there is *any* evidence in the record before the agency that could support—i.e., constitute a rational basis for—the action under review (*see, supra*). That the evidence relied upon by the agency must be credible, and more than insubstantial, inheres in the requirement that the evidence "support" the contested action. Beyond that, even if Supreme Court's use of the term "any evidence" were to be construed as placing a more onerous burden on petitioners than legally appropriate, our independent examination of the record convinces us that respondents' change of position, and their concomitant promulgation of the rule at hand, were not irrational.

Respondents' decision to repeal the original rule was based upon new information, which was brought to their attention after the original rule had been adopted. Included in that information are the 1994 study, conducted by a researcher employed by a large insect repellent manufacturer, indicating that higher concentrations of DEET, up to 70%, positively correlate with an increased duration of repellency; United States Environmental Protection Agency (hereinafter USEPA) correspondence summarizing that agency's conclusions that DEET is safe, and has "a low potential for presenting acute toxicity concerns" of the type DEC had earlier relied upon, in part, as justification for implementing the original restrictions; USEPA's adoption of a label improvement program designed to lessen the likelihood of misuse of DEET repellent; and the comments elicited at a public hearing addressing the proposed repeal. These factors, each of which contradicts or casts doubt upon the reasons advanced for the implementation of the original rule, provide ample basis for respondents' decision to repeal the restrictions they had formerly imposed (*see, Matter of New York Assn. of Homes & Servs. for Aging v Commissioner of N. Y. State Dept. of Health*, 212 AD2d 163, 172 [Casey, J., dissenting], *revd on dissenting opns below* 87 NY2d 978; *Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health, supra*, at 331-332; *cf., Matter of Insurance Premium Fin. Assn. v New York State Dept. of Ins.*, 88 NY2d 337, 341-342).

Petitioners also assert that because Supreme Court had previously considered these items in connection with its review

of the emergency rules, and found them insufficient to warrant repeal of the ban on an emergency basis, respondents cannot now argue that the same evidence is enough, without more, to support the final rule adopted by DEC. In the first of its prior decisions directed at the emergency rules, however, Supreme Court concluded—after reiterating the standard for reviewing an agency's determination that an emergency exists—that the evidence presented by DEC to justify its action in that case (primarily the 1994 study) did not furnish grounds for adopting an emergency rule, "but rather highlight[ed] the need for compliance with normal rule-making procedure" (*Matter of Brodsky v Zagata*, 165 Misc 2d 510, 517, *supra*). In the second instance, the court again adverted to the same standard and went on to note that the *sole* issue before it, at that time, was "whether the State's adoption of the emergency rule * * * has a rational basis" (*Matter of Brodsky v Zagata*, Sup Ct, Albany County, July 17, 1995, Teresi J.).

[2] Given these statements and, not unimportantly, Supreme Court's subsequent characterization of the issue that it had decided in the prior proceedings as having been confined to "whether the Commissioner properly decided *that an emergency exists* to support its administrative action" (*Matter of Brodsky v Zagata*, 167 Misc 2d 175, 177, *supra* [emphasis supplied]), it cannot fairly be said that those determinations precluded assessment of whether the record provided a rational basis for adopting the final rule. Since these prior decisions did not "'squarely address[ ] and specifically decide[ ] the issue'" presently before the Court, respondents are not collaterally estopped thereby (*Aldrich v State of New York*, 110 AD2d 331, 332, quoting *O'Connor v G & R Packing Co.*, 53 NY2d 278, 280; cf., *Malloy v Trombley*, 50 NY2d 46, 52).

MIKOLL, J. P., CREW III, CASEY and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.