OPINION OF THE COURT
Chief Judge Cooke.
Petitioner, the City of New York, in 1970 granted two franchises providing for the operation of cable television systems. In 1975, the franchisees petitioned the city seeking four specific changes in the franchise agreements. While final city approval was pending, the franchisees submitted the four amendments in one application to respondent State Commission on Cable Television, which approved three of the proposals but disapproved the fourth. Subsequently, the city requested reconsideration of this decision, arguing that the commission is without statutory authority to disapprove in part an application to amend a franchise contract. When its efforts proved unsuccessful at the administrative level, the city commenced the present article 78 proceeding. Special Term dismissed the petition, but the Appellate Division, adopting a narrow interpretation of the commission’s enabling *92 act, concluded that the agency only possesses power to approve or disapprove an amendment in its entirety.
On this appeal, petitioner presses its argument that the applicable legislation should be restrictively construed. Specifically, petitioner contends that since certain provisions of the commission’s enabling act seem to contemplate approval or disapproval of an entire amendment application (see Executive Law, § 822, subds 3, 4, 5), the commission is prohibited from singling out for disapproval one of a number of amendments grouped together in the same application. This reasoning, upon examination, is neither compelling nor convincing.
The Commission on Cable Television, created by the Legislature in 1972, is invested with broad authority to oversee the burgeoning cable television industry. Among its many powers, the agency is expressly authorized to "promulgate, issue, amend and rescind such orders, rules and regulations as it may find necessary or appropriate” to carry out the purposes of the cable television statute (Executive Law, § 816, subd 1). In fact, no cable television franchise is effective unless it is confirmed by the commission, and "[n]o transfer, renewal or amendment of any franchise” may be accomplished without commission approval (Executive Law, §§ 821, 822). Approval of an amendment application may be made "contingent upon compliance with standards, terms or conditions set by the commission” (Executive Law, § 822, subd 4). In addition to this enumerated authority, the agency "shall have and may exercise all other powers necessary or appropriate to carry out the purposes” of the enabling act (Executive Law, § 816, subd 5).
An administrative agency, as a creature of the Legislature, is clothed with those powers expressly conferred by its authorizing statute, as well as those required by necessary implication (see, e.g., Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480; Matter of Bates v Toia, 45 NY2d 460, 464). Where an agency has been endowed with broad power to regulate in the public interest, we have not hesitated to uphold reasonable acts on its part designed to further the regulatory scheme (see, e.g., Matter of Barie v Lavine, 40 NY2d 565; Matter of Sullivan County Racing Assn. v Glasser, 30 NY2d 269, 276). This is not to say, of course, that an administrative tribunal may operate outside its lawfully designated sphere (see, e.g., Matter of Harbolic v Berger, 43 NY2d 102, 109). But the propriety of its action often depends upon the nature of the subject matter and the *93 breadth of legislatively conferred authority (cf. Matter of Broidrick v Lindsay, 39 NY2d 641, 646).
Here, far-reaching control has been delegated to a commission charged with implementing a pervasive regulatory program. We cannot say that the commission has been denied power to disapprove a proposed franchise amendment merely because the proposal is combined with other amendments in a single application. Indeed, such a conclusion would do violence to the legislative mandate that "[n]o * * * amendment of any franchise * * * shall be effective without the prior approval of the commission” (Executive Law, § 822, subd 1). In view of this unequivocal declaration of legislative intent, petitioner’s contentions simply cannot withstand analysis. In any event, the commission could have approved the present application on condition that the offending amendment be deleted.
In sum, respondent commission has been granted extensive power to supervise the franchising of cable television systems. We decline at this juncture to inhibit the smooth operation of this regulatory function by unduly emphasizing a particular portion of the enabling act, of somewhat doubtful implication, at the expense of the whole, concerning which the legislative intent is manifest.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Special Term, Albany County, reinstated.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg, concur with Chief Judge Cooke.
Order reversed, etc.