OPINION OF THE COURT
Paul E. Cheeseman, J.
The five above-captioned actions share common questions of law and fact. In the interest of justice and judicial economy these petitions were joined pursuant to CPLR 602 (a) and Megyesi v Automotive Rentals (115 AD2d 596).
The petitioners are a diverse group of organizations and corporations who have commenced individual CPLR article 78 proceedings challenging the respondents’ promulgation of certain rules requiring notification be provided regarding the application of pesticides within the State of New York. (6 NYCRR part 325.)
The two common issues of the law put forth by all of the petitioners are that the respondent Commissioner has exceeded his statutory authority by promulgating rules and regulations which are not in harmony with the statutory responsibility that he has been given to administer (Boreali v Axelrod, 71 NY2d 1), and that the respondents failed to file the purposed regulations within the mandatory time limits established by the State Administrative Procedure Act, and accordingly the regulations are without legal effect.
The State Administrative Procedure Act establishes a timetable which must be followed by an agency in order to promulgate rules and regulations. As part of this procedure, the State Administrative Procedure Act requires an agency to *713 file a notice of purposed rule making with the Secretary of State. This filing triggers statutory deadlines for acting on the purposed regulations. (See, State Administrative Procedure Act § 202.)
An agency has 180 days from the published date of the last public hearing to adopt a purposed regulation. (State Administrative Procedure Act § 202 [2] [a].) The State Administrative Procedure Act permits the extension of the 180-day period for no more than two consecutive 90-day periods. (State Administrative Procedure Act § 202 [3] [a].) Accordingly, the maximum period of time for adopting rules and regulations is 360 days.
The respondent, Department of Environmental Conservation (DEC), transmitted to the Department of State the proposed rule-making documents on December 7, 1987. Thereafter, 11 public hearings were held at 9 locations State-wide. The last published date of a public hearing was November 9, 1987. Following the expiration of the time for comment, DEC issued a revised rule-making document. On November 1, 1988, the New York State Environmental Board adopted part 325 of the regulations (6 NYCRR part 325) and filed with the Department of State a notice of adoption and other regulatory support documents on November 4, 1988.
The petitioners argue that this filing of notice of adoption on November 4, 1988 was on the 361st day following the last published date of public hearings, consequently exceeded the maximum 360 days in which to file the regulations with the Secretary of State, and hence was in violation of State Administrative Procedure Act § 202.
The respondents argue that the petitioners are misreading General Construction Law § 20 by not considering the tolling provisions of section 25-a of the General Construction Law. The respondents argue that since the last public hearing listed in the notice of proposed rule making was November 9, 1987. The notification rules were either to be adopted or elected to be continued on May 7, 1988 which was a Saturday. The respondents argue that under the provisions of General Construction Law § 25-a, the time in which to file the purposed new rules and regulations with the Secretary of State was extended one day because the extension did not take effect until Monday, May 8, 1987.
Since the purpose of the State Administrative Procedure Act is to establish fairness and uniformity in agency rule making, it has been held that so long as an agency acts in *714 substantial compliance with the procedural provisions of State Administrative Procedure Act article 2, its actions will not be overturned. (Matter of Industrial Liaison Comm. v Williams, 72 NY2d 137; Matter of Service Sta. Dealers v New York State Dept. of Envtl. Conservation, 145 AD2d 777 [3d Dept 1988].)
We are in agreement with the respondent that substantial compliance with the filing requirements of the State Administrative Procedure Act has been met by the respondents in their filing on November 4, 1988 (General Construction Law § 25-a).
However, we do not find ourselves in agreement with the respondent Commissioner that he properly promulgated rules and regulations within his legislative authority. Rather, we find that the Commissioner has gone beyond the legislative delegation of rule-making authority conferred.
An administrative agency possesses all the powers expressly delegated to it by the Legislature, and such delegation of the authority will be upheld so long as the Legislature has "limit-fed] the field in which that discretion is to operate and provides standards to govern its exercise” (Matter of Levine v Whalen, 39 NY2d 510, 515; Matter of Consolidated Edison Co. v Department of Envtl. Conservation, 71 NY2d 186, 191).
As the Court of Appeals stated in Consolidated Edison Co. v Department of Envtl. Conservation (supra, at 192), "[t]he issue before us is not whether DEC and the Commissioner have strayed from the administrative into the legislative field. Indeed, it appears that the regulations at issue are well within the traditional agency role of applying technical expertise to implement legislative goals in situations too complex and detailed to be dealt with individually by the Legislature.”
Upon an examination of the rules and regulations promulgated at 6 NYCRR 325.1 et seq. which are the subject of this proceeding we find that the Commissioner has indeed deviated from applying his technical expertise and ventured into a broader area of public interest, and thus beyond the design and purpose of its regulatory scheme (Matter of Campagna v Shaffer, 73 NY2d 237 [Feb. 16, 1989]; Matter of City of New York v State of New York Commn. on Cable Tel., 47 NY2d 89, 92).
The Legislature in creating the pesticide legislation in 1983 gave clear and explicit direction as to the issue of notification. It stated in regard to the application of a pesticide that the applicator must supply the occupants with a written copy of *715 the information including any warnings contained on the label of the pesticide to be applied. (ECL 33-0905 [5] [a].) Further distinctions were made by the Legislature for multiple dwellings, buildings or structures that the information was to be supplied to the owner or his agent. Such owner or agent was to make available "upon request” this information to occupants or residents. Under the statute, the only time an owner must give such information without request is to occupants of a single-dwelling unit within the multiple dwelling when the pesticide is being applied to that unit (ECL 33-0905 [5] [c]).
It is significant to note that a visual posting requirement for commercial lawn applicators was contained in a 1987 amendment to ECL article 33. (ECL 33-1001; L 1987, ch 559, § 1.) The Legislature obviously could have made the visual posting amendment applicable to all commercial applicators and/or property owners but instead determined to specifically limit its scope to lawn applicators only.
Despite this clear statutory directive, DEC has promulgated rules which require the public posting of notices prior to and after the application of pesticides in nearly all commercial instances. This directive "leaps well beyond [the] legislative articulation and interdicts administratively” upon all aspects of the notification requirements. (Matter of Campagna v Shaffer, supra, at 243.)
The Legislature had delegated to the respondent the authority to enact regulations dealing with the time, place, manner and method of application of pesticides. (ECL art 33.) The Legislature also provided that the pesticide applicators must provide building owners information and said owners make that said information available to an invitee, occupant or guest. The Legislature did not direct the respondent to create these visual notification procedures such as posting. We therefore find that the respondent Commissioner has promulgated an administrative rule which is not consistent with the policies expressed in the statute but is "out of harmony” with those policies. (Boreali v Axelrod, 71 NY2d 1, supra; see, Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679.)
We are in agreement with the statutory purpose of the 1983 legislation relating to pesticides and their application which is to insure safe, reasonable pesticide usage. We find, however, that the notification provisions newly created some five years *716 after the creation of the statute do not, in any way, provide for safe, reasonable pesticide usage.
We agree with the learned Justice Irving R. Kaufman that "Effective regulation of hazardous chemicals, including pesticides, has emerged as basic to our national environmental policy” (New York State Pesticide Coalition v Jorling, 874 F2d 115 [May 10, 1989]). We find nonetheless, that this policy is to be set by the Legislature and not by an administrative agency (Boreali v Axelrod, supra).
Perhaps the most dramatic proof that the Commissioner is engaging in legislation rather than regulation is an examination of legislative history of numerous attempts to amend ECL article 33 to include notification and visual posting provisions. The proposed amendments were introduced in the Senate in Bill 4509, 1984 regular session; in the Assembly in Bill 6054, 1983-1984 regular session; again in Senate Bill 4380 and Assembly Bill 6140, 1985-1986 regular sessions and again in Assembly Bill 1113, May 13, 1986.
Since the Senate and Assembly have not seen fit to amend the Environmental Conservation Law to provide for this notification and visual posting in all commercial applications, but only for commercial lawn applications, it would appear that the Commissioner of the Department of Environmental Conservation has under color of regulatory authority, actually rewritten and extended the law. (Matter of Campagna v Shaffer, supra.)
Accordingly, the five above-referenced petitions are granted to the extent that each seeks to declare null and void the promulgation and approval of amendments to 6 NYCRR part 325, effective January 1, 1989.