OPINION OF THE COURT
Beverly S. Cohen, J.
Motion sequences 001 and 002, numbered 23 and 62, respectively, on the calendar dated August 21, 1990, are hereby consolidated for disposition.

Motion Sequence 001

Petitioner Local 32B-32J, Service Employees International Union, AFL-CIO (petitioner) moves by order to show cause for an order or judgment, pursuant to CPLR article 78, (1) vacating the decision rendered by Edward P. Walla, Director, Settlement and Adjudication, for and on behalf of the respondent Comptroller Elizabeth Holtzman adopting the report and recommendation of the Hearing Officer Robert Palmer in Matter of Professional Sec. Bur. v New York City Comptroller *668 which redetermined downward the wage rate for unarmed security guards; and (2) pending the hearing and determination of the petition, preliminarily enjoining Comptroller Holtzman from promulgating or enforcing said decision.
Respondent Holtzman cross-moves for a judgment pursuant to CPLR 3211 (a) (7) and 7804 (f) dismissing the petition on the ground that it fails, as a matter of law, to state a claim.

Motion Sequence 002

Petitioner moves for leave to file an amended petition.
Respondent Holtzman cross-moves for a judgment pursuant to CPLR 3211 (a) (7) and 7804 (f) dismissing the amended petition on the ground that it fails, as a matter of law, to state a claim.

Facts

Respondent Professional Security Bureau, Ltd. (Professional) applied to the Comptroller for a redetermination of the prevailing wage rate established for "unarmed security guards” under Labor Law § 230 et seq. The prevailing rate is $6.42 per hour in wages, $.95 per hour in supplemental fringe benefits and overtime.
The rate is for building service employees, employed by a contractor who in turn contracts with the city to care for or maintain an existing building. Among these employees are included watch and security guards (Labor Law § 230 [1]). Security guard contractors must be licensed (General Business Law § 70 [2]) and their guards registered (General Business Law § 81).
To determine the rate, a survey of wage rates paid by private sector employers of unarmed security guards was undertaken. The facts set forth in the Palmer report are not in dispute and are set forth as follows:
"The names and addresses of those employers were supplied by the New York State Department of Labor, Division of Unemployment in the form of a computer tape. The tape contained the names, addresses and industry affiliation of payors of unemployment insurance. The State tape’s listing was augmented by Kevin McCulloch, Assistant to the President, 32B-32J (T263). No other business entity or individual participated in the expansion of the Comptroller’s survey universe of unarmed security guards. (T312) * * *
*669 "The survey results included without differentiation, guards employed directly by a proprietor, i.e., building management company, museum, etc. ('Proprietary Guards’) and those engaged through an independent guard service ('Contract Guards’).”
At the hearing called for by the Comptroller, Professional argued that the current wage rate, determined as a result of a survey, was unnecessarily inflated because of the improper inclusion of proprietary guards in the survey. Professional relied on General Business Law § 70 (2) which establishes that contractors in the business of watch, guard or patrol must be licensed, and General Business Law § 83 which excludes proprietary agents, detectives and investigators from the licensing requirements of the law. It concluded that since licensed contractors could perform the watch and security guard function for the State and proprietary agents could not, and the prevailing rate was being established for the employees of the licensed contractors, the survey should have been similarly limited; that is, it should have excluded unlicensed agencies.
The Hearing Officer concurred with Professional’s arguments and modified the survey by excluding therefrom 26 entities which did not appear on the most recent New York State Department of State list of licensed private investigator and watch, guard and patrol agencies. At the Hearing Officer’s direction, the Labor Law Division recalculated the prevailing rates for unarmed security guards for the period July 1, 1989 to June 30, 1990 to be $5.76 per hour in wages and $.64 per hour in fringe benefits and overtime. The Hearing Officer recommended that the Comptroller adopt, retroactively, the reduced rates and the Comptroller implemented the recommendation by order on April 16, 1990.

Discussion and Decision

The court considers first petitioner’s motion for leave to amend a typographical error in the original petition wherein paragraph 20 referenced General Business Law § 30 instead of General Business Law § 83. There being no opposition to the motion and in light of the rule that amendment of pleadings shall be freely allowed, the amendment is granted nunc pro tune and considered as if properly included in the first instance. In this respect, we note that respondent’s answer acknowledged the error, and that answer is deemed an answer to the amended complaint. Accordingly, the court reaches the *670 merits of the arguments on the cross motion to dismiss the amended complaint.
Preliminarily, this court notes that it finds no justification to bar petitioner from bringing the instant proceeding inasmuch as its representative did testify at the hearings and it does have a sufficient stake in the decision which was rendered by the Comptroller. The court also finds no validity to respondent Association of Licensed Detectives of New York State’s contention that this proceeding reflects a question of substantial evidence which should be transferred to the Appellate Division.
Petitioner’s argument that the Comptroller had no authority to hold hearings to redetermine the prevailing wage rate for unarmed security guards is misplaced in this proceeding. Petitioner relies upon the fact that in 1978, Labor Law § 220 was amended to eliminate the requirement of a hearing in a wage redetermination case; yet, the elimination of a procedural requirement cannot be viewed as having taken away the Comptroller’s implied authority to do so, especially, where, as here, the hearing was held solely to address alleged errors in computation of the established prevailing wage rate (see, Labor Law §§ 220, 234). It is well settled that an administrative agency is clothed with powers expressly conferred by statute as well as those required by necessary implication, and where an agency has been endowed with broad power to regulate in the public interest, reasonable acts on its part designed to further the regulatory scheme have been upheld (see, Matter of City of New York v State of N Y. Commn. on Cable Tel., 47 NY2d 89, 92). If the statute were given such a strict construction as urged by petitioner, the Comptroller would often be unable to engage in the full performance of her duties. As a result, the Comptroller must be seen to have had the authority to hold the hearings under review. With respect to the merits of the decision rendered, petitioner attempts to argue that the Comptroller erred in excluding 26 unlicensed entities from the survey because General Business Law § 83 expressly omits entities of this type from any licensing requirements. Careful review of the record reveals that the Hearing Officer whose report was affirmed by the Comptroller properly examined the statutory construction of pertinent provisions found within the Labor Law and the General Business Law, including General Business Law §83. The Hearing Officer made his determination based upon such analysis after consideration of the distinct duties and responsi *671 bilities of both proprietary and contract guards as revealed by the witnesses’ testimony advanced at the hearings. The Hearing Officer aptly noted that General Business Law § 83 does exclude proprietary agents from licensing requirements, however, he also specifically noted, that section further provided such individuals could not perform any matter of private investigation, watch, guard or patrol agency work. The Hearing Officer also relied upon Labor Law article 9, under which the prevailing wage rate is to be determined, which covers watch and security guards who are contract employees only and General Business Law § 70, which requires watch, guard or patrol companies be properly licensed. Taken in conjunction, a careful reading of these statutory provisions could lead the Hearing Officer to rationally conclude, as he did, that since only licensed contractors can legally perform the work for which the prevailing rate is established, only those individuals should be included in the survey. It is well settled that in order for petitioner to establish that respondents’ actions were arbitrary and capricious, there must be a finding that there was no rational basis for the administrative order (Matter of Pell v Board of Educ., 34 NY2d 222, 231). Here, no such finding can be made. Therefore, the Comptroller’s decision will not be disturbed.
Accordingly, petitioner’s motion to amend its petition is granted and its application based upon such amended petition is denied in all respects. Respondent’s cross motion to dismiss the amended petition is granted.