Hon. Michael D. Zagata Formal Opinion Commissioner No. 95-F3 NYS Department of Environmental Conservation 50 Wolf Road Albany, N Y 12233
Dear Commissioner Zagata:
Your counsel inquires whether the New York State Department of Environmental Conservation (the "DEC") may participate in a promotional sweepstakes program described hereafter. We conclude that in the absence of express statutory authority, the DEC may not do so.
To "promote a wider understanding of the problems affecting conservation of natural resources", the DEC publishes, as its official magazine, the "New York State Conservationist" ("The Conservationist"), available to subscribers at an annual subscription fee established by the Commissioner of the DEC, after consultation with the State Division of the Budget (Environmental Conservation Law § 3-0113; hereafter, "ECL"). DEC staff advise that in order to encourage subscriptions and renewal of subscriptions for "The Conservationist", the DEC proposes to undertake a promotional sweepstakes. A person could enter by subscribing to "The Conservationist". However, anyone could enter without making any purchase or paying any fee or other consideration. Prizes distributed by DEC to winners in the sweepstakes will be donated to the DEC by private entities.
As outlined above, the promotional sweepstakes constitutes the permissible use of a game and not a form of gambling prohibited by Article I, section 9, of the New York State Constitution except as otherwise provided therein. The DEC sweepstakes does not constitute prohibited gambling because it does not involve an element of gambling, the placing of a wager in order to participate in the game. See generally, Op Atty Gen (Inf) No. 86-27. An entrant would not have to pay any consideration or make a purchase to participate in the DEC sweepstakes. See generally, GBL § 369-e.
With respect to the donation to the DEC of sweepstakes prizes by private entities, the ECL specifically authorizes the DEC to acquire personal property by gift. ECL § 3-0301(2)(l).
However, it is a tenet of administrative law that an agency such as the DEC possesses only those powers expressly conferred by statute or implied powers essential to, and not merely convenient to, the exercise of powers expressly conferred. City of New York v Commission on Cable Television,47 N.Y.2d 89 (1979); Lawrence Construction Corporation v State,293 N.Y. 634 (1944). While undertaking a promotional sweepstakes may be a convenient manner for DEC to increase subscriptions to "The Conservationist" and thereby to promote awareness of conservation, under existing authority we are constrained to conclude that it is not essential to the function of promoting awareness of conservation.
In 1955 Op Atty Gen 181, this office opined that absent express or implied power to do so, the predecessor of the DEC was prohibited from selling advertising space in "The Conservationist". By L of 1993, ch 57, § 78, the Legislature enacted ECL § 3-0301(2)(y) allowing such sale. Likewise, statutory provisions have been added to allow the DEC to undertake other nonessential activities to promote DEC functions. See, ECL § 3-0301(2)(t) (authority to sell prints of fish and wildlife paintings) and 3-0301(2)(u) (authority to sell items symbolic of contributions to DEC).
Thus, the raising of funds by the DEC to support programs through advertising and sale of products specifically has been authorized by the Legislature. It is apparent that these activities have not been viewed as implied powers of the DEC. Consistent with the foregoing opinion and statutes, neither can the proposed sweepstakes be viewed as an implied power of the DEC.
In sum, it is our opinion that the DEC may not undertake a promotional sweepstakes to promote subscriptions to "The Conservationist" absent express statutory authority to do so.
Very truly yours,
DENNIS C. VACCO
Attorney General