In the Matter of ROBERT M. WINN, as Special Prosecutor for the County of Rensselaer, et al., Respondents, v RENSSELAER COUNTY CONDITIONAL RELEASE COMMISSION, Respondent, and MARY BETH ANSLOW, Appellant. [775 NYS2d 412]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered February 9, 2004 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Rensselaer County Conditional Release Commission granting respondent Mary Beth Anslow conditional release from jail.

In September 2000, the three-month-old child of petitioners Kenneth Marbot and Wendy Marbot died while at an unlicensed day care operated by respondent Mary Beth Anslow (hereinafter respondent) in Rensselaer County. The Rensselaer County District Attorney's office was disqualified from investigating the matter because an Assistant District Attorney was a potential material witness and, therefore, County Court (McGrath, J.) ap-

pointed petitioner Robert M. Winn, the District Attorney for Washington County, as a Special District Attorney pursuant to County Law § 701. Respondent was charged with, and ultimately convicted of, endangering the welfare of a child and making a punishable false written statement. After exhausting her appeals, she commenced serving the one-year sentence on October 21, 2003 at the Rensselaer County Jail.

On November 19, 2003, respondent submitted an application for conditional release to respondent Rensselaer County Conditional Release Commission (*see generally* Correction Law art 12). The six members of the Commission voted three in favor and three opposed to granting respondent conditional release. She was informed by a decision dated December 11, 2003 that her application had been denied. She submitted additional information and a request for reconsideration to the Commission on January 5, 2004. At a January 14, 2004 meeting, with four members present, the Commission voted three to one in favor of granting a conditional order of release and such order was issued for January 19, 2004.

Petitioners then commenced this CPLR article 78 proceeding seeking a judgment vacating the Commission's order on the ground that the Commission acted in excess of its statutory jurisdiction by considering a second application for conditional release before the required passage of 60 days after the submission of the first application (*see* Correction Law § 273 [6]). The Commission served an answer together with an affidavit from its chairperson. Respondent submitted a motion to dismiss in lieu of an answer asserting, among other things, that petitioners lacked standing. Supreme Court denied respondent's motion to dismiss and granted the petition. The Commission's conditional release order was vacated and respondent returned to incarceration on February 10, 2004. Respondent appeals. The Commission has not appealed.

We address first respondent's contention that Winn did not have standing to challenge the Commission's determination. When it becomes apparent that a district attorney's office must be disqualified from acting in a case, one of the available options is for a court to appoint the district attorney from an adjoining county to act as a special district attorney (*see* County Law § 701 [1] [b]). While the extent of such an appointment is strictly construed (*see People v Leahy*, 72 NY2d 510, 513-514 [1988]; *Matter of Cloke v Pulver*, 243 AD2d 185, 188-189 [1998]), a special district attorney who is duly appointed "shall possess the powers and discharge the duties of the district attorney during the period for which he or she shall be appointed" (County

Law § 701 [4]). The powers and duties of a district attorney include ensuring that sentences are carried out (see *Matter of Lewis v Carter*, 220 NY 8, 15-16 [1917]). Here, Winn, the District Attorney from an adjoining county, was duly appointed because the Rensselaer County District Attorney's office was disqualified. The record further reflects that, because of that disqualification, the Rensselaer County District Attorney declined involvement when respondent's application was pending and Winn's input was sought by the Commission. Upon these facts, we are unpersuaded that Winn's role exceeded the scope of his appointment or the statutory authority for such an appointment. Having found that Winn had standing, there is no need to address the standing of the other petitioners.

Next, we consider respondent's contention that Supreme Court erred in ruling on the merits since, although she had made a motion to dismiss, she had not yet put in an answer (see CPLR 7804 [f]). Respondent argues that her answer would have raised a question as to whether the Commission's decision of December 11, 2003 was actually intended to be a denial of her application. Initially, we note that this precise issue was raised in the Commission's verified answer, was supported by an affidavit from the only remaining member of the Commission and was argued by the Commission before Supreme Court. Supreme Court rejected the argument and the Commission has not appealed. Indeed, the decision sent by the Commission to respondent on December 11, 2003 stated in two places that the application was denied. While the statutory language of Correction Law § 273 (2) could have created confusion because of the tie vote on the application, the Commission nevertheless rendered a written decision denying the application. Respondent did not challenge in any fashion the validity of the Commission's decision, the time for doing so has passed (see CPLR 217 [1]) and the subjective thoughts of the individual Commission members are no longer relevant in an effort to override the written denial. Under the statute, an application that has been denied cannot be resubmitted until "[60] days after the date of submission of the denied application" (Correction Law § 273 [6]). Respondent's submission was made within less than 60 days and, therefore, we agree with Supreme Court that it was improper for the Commission to consider it. Moreover, any error by Supreme Court in ruling on the merits before respondent served an answer was harmless since the subjective intent of the Commission's members was no longer germane and, in any event, such issue was raised and argued unsuccessfully by the Commission (see *Matter of Clark v Board of Educ. for Kingston School Dist.*, 236 AD2d 709, 711-712 [1997], *revd on other grounds* 90 NY2d 662

[1997]; *Matter of DeVito v Nyquist*, 56 AD2d 159, 161 [1977], *affd* 43 NY2d 681 [1977]).

The remaining arguments have been considered and found unpersuasive.

Peters, Rose and Kane, JJ., concur.

Crew III, J.P. (dissenting). I have no quarrel with the majority's conclusion that petitioner Robert M. Winn, as Special Prosecutor for the County of Rensselaer, has standing to challenge the determination rendered by respondent Rensselaer County Conditional Release Commission, and I agree that any error made by Supreme Court in ruling on the merits prior to permitting respondent Mary Beth Anslow (hereinafter respondent) to submit an answer indeed is harmless. I reach a contrary conclusion, however, with regard to the majority's finding that the tie vote rendered by the Commission on respondent's application for conditional release constituted a denial of such application and, to that extent, I respectfully dissent and would reverse the judgment of Supreme Court.

In *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington* (97 NY2d 86 [2001]), the Court of Appeals instructs that the first step in ascertaining whether a tie vote constitutes a denial of a particular application is a careful review of the underlying statute (*id.* at 91). In concluding that the tie vote in *Tall Trees* indeed represented a denial of the underlying variance application, the Court looked to the specific language of Town Law former § 267-a (4), which provided that "[t]he concurring vote of a majority of the members of the [zoning] board of appeals shall be necessary to *reverse* any . . . determination of any . . . administrative official [charged with the enforcement of any zoning ordinance or local law], or to *grant* a use variance or area variance" (emphasis added). The Court observed that although the "clear and unambiguous" language of the statute required a majority vote of the municipality's zoning board of appeals to reverse, for example, a determination of the municipality's building inspector or to grant a variance application, the statute "conspicuously fail[ed] to require the same majority vote concurrence for the *denial* of an application" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, supra* at 91 [emphasis in original]). Thus, the Court reasonably concluded that, given the statutory language, a tie vote constituted a valid denial of the underlying application.

No such statutory loophole exists in Correction Law § 273 (2), which provides, in relevant part, that in reviewing an application for conditional release, "[n]o determination granting *or*

*denying* such application shall be valid unless made by a majority vote of at least three commission members present" (emphasis added). Given the statute's unambiguous mandate in this regard, I simply cannot agree with the majority's conclusion that the Commission's tie vote here represented a denial of respondent's conditional release application. To the extent that the majority relies upon the wording of the Commission's December 11, 2003 memorandum "deny[ing] [respondent's] application for conditional release," I respectfully raise two points. First, I do not believe that the Commission is vested with either the discretion or the authority to waive the statutory requirement of a majority vote as set forth in Correction Law § 273 (2). Even accepting, however, that the Commission is possessed of such power or discretion, I nonetheless am persuaded that the Commission's December 11, 2003 memorandum, read in its entirety, does not demonstrate that such body intended that document to be a final and binding "denial" of respondent's application for conditional release.

As the Commission did not, to my way of thinking, "deny" respondent's application by memorandum dated December 11, 2003 and, further, specifically invited respondent to submit additional information without the need to "reapply" for conditional release, respondent was free to (and did in fact) do precisely that. Upon consideration of such additional submissions, the Commission voted, by a 3 to 1 majority, to grant respondent's application and, by order dated January 19, 2004, ordered respondent's conditional release. As petitioners have failed to demonstrate that the Commission acted in excess of its jurisdiction or authority in this regard, I would grant respondent's motion and dismiss the petition.

Ordered that the judgment is affirmed, without costs.