(December 20, 2004)

■ In the Matter of GUY J. VELELLA et al., Appellants, v NEW YORK CITY LOCAL CONDITIONAL RELEASE COMMISSION et al., Respondents. In the Matter of KAMALA STEPHENS, Appellant, v NEW YORK CITY LOCAL CONDITIONAL RELEASE COMMISSION et al., Respondents. In the Matter of CARLOS CABA, Appellant, v DANIEL RICHMAN, as Chairman of New York City Local Conditional Release Commission, et al., Respondents. [788 NYS2d 8]—

Order and judgment (one paper), Supreme Court, New York County (Lottie E. Wilkins, J.), entered November 29, 2004, which denied the five CPLR article 78 petitions challenging determinations of respondent Conditional Release Commission, all dated November 19, 2004, advising petitioners that their conditional releases were regarded as invalid, and challenging five determinations of respondent Department of Correction, also all dated November 19, 2004, directing petitioners to surrender themselves; dismissed all proceedings; and directed petitioners to surrender themselves, unanimously affirmed, without costs.

As to petitioners Gonzalez, Caba and Stephens, their applications were improperly considered prior to the required expiration of 30 days' incarceration (Correction Law § 273 [1]), and thus they were invalidly released. Petitioners Velella and DelToro, who were released on reapplication, but had reapplied less than 60 days after their first applications were submitted (Correction Law § 273 [6]), were also illegally released. Because these statutory mandates were not followed, the orders granting conditional releases were illegal (*see Matter of Winn v Rens-*

selaer County Conditional Release Commn., 6 AD3d 929 [2004], lv dismissed 3 NY3d 687 [2004]). While a government agency cannot reopen an application and change a valid, final order absent statutory authority (see Matter of Preston v Coughlin, 164 AD2d 101 [1990]), an agency has the power to set aside a determination on the ground of a significant irregularity (People ex. rel. Finnegan v McBride, 226 NY 252, 259 [1919] [Pound, J.] ["Error may be corrected by setting it aside if it was the result of illegally, irregularity in vital matters, or fraud"]; Matter of Cupo v McGoldrick, 278 App Div 108, 112 [1st Dept 1951]). This power is "required by necessary implication" of the Correction Law, especially given that "the Legislature has delegated administrative duties in broad terms, leaving the agency to determine what specific standards and procedures are most suitable to accomplish the legislative goals" (see Matter of Mercy Hosp. v New York State Dept. of Social Servs., 79 NY2d 197, 203-204 [1992]; see also Matter of City of New York v State of N.Y. Commn. on Cable Tel., 47 NY2d 89, 92-93 [1979]). We also find that respondents' interpretation of the Correction Law is not unreasonable and warrants deference (see Matter of Rosenblum v New York State Workers' Compensation Bd., 309 AD2d 120, 122 [2003], appeal withdrawn 2 NY3d 737 [2004]).

Petitioners did not have a substantive due process right to the protection of conditional release orders that were illegal. None of them had a vested and legitimate claim of entitlement to release, nor has any of them shown that the government action "was wholly without legal justification" (see Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 627 [2004]). As for procedural due process, the "basic requisites" are "notice and the opportunity to be heard" (CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 91 [2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]). There is no constitutional guarantee of any particular form of procedure (see Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d 160, 171 [1988], affd 73 NY2d 875 [1988]), and the appropriate process "will vary depending upon the governmental function involved as well as the substantiality of individual interests affected" (see Matter of Pannell v Jones, 36 NY2d 339, 342 [1975]). Even were we to find that any of the petitioners were denied an essential aspect of procedural due process (see Morrissey v Brewer, 408 US 471 [1972]), we would find that, under the circumstances of these cases, each of the petitioners had an adequate postdeprivation opportunity to be heard in these CPLR article 78 proceedings (see e.g. Matter of C/S Window Installers v New York City Dept. of Design & Constr., 304 AD2d 380 [2003]). Finally, we reject the argument that respondents should be estopped from finding

the conditional release orders invalid, since petitioners have not shown any grounds for departing from the settled rule that estoppel may not be invoked against a municipal agency to prevent it from discharging its statutory duties (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied and appeal dismissed* 488 US 801 [1988]). Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Catterson, JJ.