Matter of Sarkar v City of New York (2020 NY Slip Op 00033)





Matter of Sarkar v City of New York


2020 NY Slip Op 00033


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Friedman, J.P., Kapnick, Kern, Oing, JJ.


150147/17 -8500

[*1] In re Jay Sarkar, Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.


Jay Sarkar, appellant pro se.
Georgia M. Pestana, Acting Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Carmen Victoria St. George, J.), entered August 7, 2017, denying the petition to compel respondent New York City Office of Special Commissioner of Investigation (SCI) to remove from its website an investigation report dated December 12, 2006, that substantiated allegations against petitioner of theft of services and recommended that he be deemed ineligible to work as a contractor for respondent New York City Department of Education (DOE), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The decision not to remove the report upon petitioner's request was not arbitrary and capricious (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]). The record demonstrates that SCI considered petitioner's refusal to participate in its investigation, the nature of the conduct it substantiated, and the public interest in exposing misconduct. It was not unreasonable for SCI to conclude that petitioner's untimely rebuttal, submitted to the DOE months after it adopted SCI's recommendations, and the almost 10 years that passed from the report's publication before petitioner's current request, did not compel the report's removal.
Petitioner's challenge to SCI's authorization to publish reports online is unpreserved and, in any event, unavailing (see Matter of WE 223 Ralph LLC v New York City Dept. of Hous. Preserv. & Dev., 173 AD3d 436, 437 [1st Dept 2019]). The Special Commissioner is authorized to "issue such reports regarding corruption or other criminal activity, unethical conduct, conflicts of interest, and misconduct, that he or she deems to be in the best interest of the school district" (NYC Executive Order No. 11, § 3[a] [1990]). The power to publish substantiated
misconduct is necessarily implied (see Matter of City of New York v State of N.Y. Commn. on Cable Tel., 47 NY2d 89, 92 [1979]).
M-8500 In re Sarkar v City of New York
Motion for reconsideration denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK