Matter of E.B. v New York State Off. for People with Dev. Disabilities (2025 NY Slip Op 00151)

Matter of E.B. v New York State Off. for People with Dev. Disabilities

2025 NY Slip Op 00151

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 100325/24 Appeal No. 3473 Case No. 2024-04229 

[*1]In the Matter of E.B. etc., Petitioner-Appellant,
v
New York State Office for People with Developmental Disabilities, et al., Respondents-Respondents.

Stephen J. Kloepfer, Setauket, for appellant.
Letitia James, Attorney General, New York (Anthony R. Raduazo of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Lyle E. Frank, J.), entered May 30, 2024, which denied the petition to, inter alia, annul the December 12, 2023 decision after a fair hearing of respondents Department of Health and its commissioner (DOH) finding that petitioners' application did not present a hearable issue, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In this proceeding, petitioner seeks to annul the decision of DOH, which found petitioner's application did not present a hearable issue regarding the denial of reimbursement by a fiscal intermediary. In addition, petitioner seeks to compel DOH to grant the reimbursement and provide effective oversight over respondents New York State Office of People with Development Disabilities and its commissioner in reimbursement decisions under the home and community-based services waiver program.
Supreme Court properly dismissed this proceeding, as petitioner has administrative remedies (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). DOH notified petitioner soon after this proceeding was commenced that it was reopening the fair hearing, finding no legal basis to support the determination that the DOH Commissioner lacked jurisdiction to conduct a fair hearing. Where an agency seeks to conduct a new hearing while there is a pending article 78 proceeding, the "latter hearing" is generally "a nullity" unless there is "express statutory [or regulatory] authority permitting [it] to do so" (Matter of Rahman v Coughlin, 112 AD2d 591, 591-592 [3d Dept 1985]; see also Matter of Town of N. Elba v New York State Dept. of Envtl. Conservation, 160 AD3d 74, 78-79 [3d Dept 2018]; Matter of Velella v New York City Local Conditional Release Commn., 13 AD3d 201, 202 [1st Dept 2004], lv denied 4 NY3d 702 [2005]). Here, there is regulatory authority to reopen the hearing (18 NYCRR 358-6.6[a][3], [b]; see also Matter of Dickinson v Daines, 15 NY3d 571, 576 [2010]). Thus, the alleged harm to petitioner can be "significantly ameliorated by further administrative action or by steps available" to petitioner (Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals, 210 AD3d 1079, 1081 [2d Dept 2022]; see also CPLR 7801[1]).
We note that petitioner is indeed entitled to a fair hearing before DOH to determine whether the withdrawal of funding approval for the community classes in question was improper (see generally 42 CFR 431.200[a], 431.220[a]; Social Services Law § 22[1], [2], [3][a], [5][d]; 18 NYCRR 358-2.13, 358-2.30, 358-5.6) and any other issue they deem proper. The record on appeal demonstrates that DOH agrees and has endeavored to provide it.
We decline to reach petitioner's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025