Matter of Parents for Educ. & Religious Liberty in Schs. v Young (2025 NY Slip Op 03689)

Matter of Parents for Educ. & Religious Liberty in Schs. v Young

2025 NY Slip Op 03689

Decided on June 18, 2025

Court of Appeals

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025

No. 56 

[*1]In the Matter of Parents for Educational and Religious Liberty in Schools, et al., Appellants,
v
Lester Young Jr., & c., et al., Respondents.

Avi Schick, for appellants. 
Beezly J. Kiernan, for respondents. 
Union of Orthodox Jewish Congregations of America, New York State Association of Independent Schools, Eli Reifer et al., New York State Catholic Conference, Young Advocates For Fair Education, Inc., amici curiae.

RIVERA, J.:
Every child from 6 to 16 years old in New York State is entitled to a free education and must attend "full time instruction" (Education Law § 3205 [1] [a]). To comply with this mandate, New York provides access to publicly-funded schools that offer an approved curriculum of instruction (id. § 3202 [1]). When a parent or custodian enrolls a child at a nonpublic school, they are legally required to ensure that the child receives an education substantially equivalent to that offered at the local public schools (id. §§ 3204 [1], [2]; 3212 [2] [b]). Respondent Commissioner of Education promulgated regulations that implement the substantial equivalency requirement. Petitioners appeal from an Appellate Division order upholding the sections of the regulations that provide that a nonpublic school that fails to establish substantial equivalency "shall no longer be deemed a school which provides compulsory education fulfilling the requirements of" the Education Law. We conclude that the Commissioner lawfully promulgated the regulatory sections at issue here. Therefore, we affirm the Appellate Division order.
I.
Statutory and Regulatory Background
The New York Constitution "requires the State to offer all children the opportunity for a sound basic education . . . to enable [them] to eventually function productively as civic participants capable of voting and serving on a jury" (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 316 [1995], citing Board of Educ., [*2]Levittown Union Free School Dist. v Nyquist, 57 NY2d 27, 48 [1982]; see NY Const, art XI, § 1). The Constitution further mandates that the Legislature shall provide "a system of free common schools" (see NY Const, art XI, § 1). These constitutional mandates are codified in the Education Law, which provides that children from 6 to 16 years old in New York State are entitled to a free education and that their parents or custodians must ensure that they attend "full time instruction" (Education Law § 3205 [1] [a]). Such instruction may be provided at "a public school or elsewhere" (id. § 3204 [1]). If a child receives instruction elsewhere, the instruction "shall be at least substantially equivalent to the instruction given to minors of like age and attainments at the public schools of the city or district where the minor resides" (id. § 3204 [2]). Failure to comply with the compulsory education and substantial equivalency requirement may subject a parent or custodian to a neglect proceeding in Family Court, or criminal penalties including fines and imprisonment (see id. §§ 3232, 3233).
The Education Law provides that local school authorities (LSAs) have primary responsibility for ensuring that children receive the required education (see Education Law §§ 2 [12], 3204 [2], 3205, 3210 [2]). In 2018, the Legislature amended the statute's substantial equivalency requirement for nonpublic schools that offer bilingual programs and extended school hours (see L 2018, ch 59, part SSS). The enactment—known as the Felder Amendment—provides that, for this subset of nonpublic schools, the Commissioner shall make any final substantial equivalency determinations (see Education Law § 3204 [2] [ii], [iii], [v]).
In response to the Felder Amendment, the Commissioner promulgated 8 NYCRR part 130, effective September 28, 2022, addressing the procedure for substantial equivalency determinations and enforcement.[FN1] The regulations provide several "pathways" through which a nonpublic school may demonstrate substantial equivalency (see id. § 130.3). For example, a nonpublic school may register with the Board of Regents, receive accreditation by a body approved by the Department of Education for purposes of demonstrating compliance with the substantial equivalency regulations, or participate in the international baccalaureate program (see id. § 130.3 [a] [1], [3], [4]). For nonpublic schools that do not pursue or satisfy an approved pathway, the local school authority conducts a substantial equivalency review and makes a determination on compliance (see id. §§ 130.2 [a]; 130.5). The regulations require the LSA to conduct these reviews every seven years (see id. § 130.4). For those schools covered by the Felder Amendment, the LSA forwards its recommended determination to the Commissioner (see id. § 130.2). Upon a preliminary determination of nonequivalence under either local or Commissioner-level review, the LSA must collaborate with the nonpublic school to develop a plan for the school to achieve substantial equivalence within a reasonable time period (see id. §§ 130.6 [a] [1] [iii]; 130.8 [d] [2]). If these efforts are unsuccessful, or if a school fails to cooperate, and the Commissioner or LSA issues a final negative determination, then under the regulations at issue here, "the nonpublic school shall no longer be deemed a school which provides compulsory education fulfilling the requirements of . . . the Education Law" (id. §§ 130.6 [c] [2] [i]; 130.8 [d] [7] [i]).
II.
Petitioners' Article 78 and Declaratory Judgment Action
Petitioners are five nonpublic schools and three membership organizations representing several such schools and parents of the schools' students.[FN2] Petitioners filed this combination article 78 and declaratory judgment action against respondents the Chancellor of the Board of Regents and the Commissioner of Education.[FN3] Petitioners [*3]challenged the regulations on various federal and state constitutional, as well as state statutory, grounds. The petition did not assert that any of their member schools or parents had received a notice of a negative determination or that any member parent had "unenrolled" their child from a school that had received a negative determination.
Supreme Court granted the petition in part and otherwise rejected petitioners' claims.[FN4] As relevant to this appeal, the court generally upheld the regulations, but it declared invalid 8 NYCRR 130.6 (c) (2) (i) and 8 NYCRR 130.8 (d) (7) (i)—the regulations deeming a noncompliant nonpublic school no longer a school fulfilling the compulsory education requirements—on the ground that these provisions exceeded the Commissioner's authority. Only respondents appealed.
The Appellate Division reversed Supreme Court's judgment, insofar as appealed from, granting petitioners' relief and declared 8 NYCRR 130.6 (c) (2) (i) and 8 NYCRR 130.8 (d) (7) (i) to be valid (see 230 AD3d 83, 91 [3d Dept 2024]). The Appellate Division concluded that the Commissioner properly promulgated these regulations under their regulatory authority (see 230 AD3d at 89-90). One Justice dissented and would have affirmed on the grounds that the regulations impermissibly require a student's removal from the nonpublic school and discontinue legally required services to the nonpublic school in contravention of the Education Law and in excess of the Commissioner's authority (see id. at 93-94 [Egan Jr., J., dissenting]). The Appellate Division granted petitioners leave to appeal (see 2024 NY Slip Op 74188[U] [1st Dept 2024]).
III.
Mootness
Our jurisdiction is limited to live controversies (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]). Thus, we may not give advisory opinions or "pass on academic, hypothetical, moot, or otherwise abstract questions" (id. at 713).
In May 2025, days before oral argument on this appeal, the Legislature amended Education Law § 3204 by adding subsection (6) (see L 2025, ch 56, part A, § 22-e). By its terms, the amendment "shall be deemed to have been in full force and effect on and after April 1, 2025" (L 2025, ch 56, part A, § 28). Section 3204 (6) sets forth pathways, similar to but more expansive than the existing pathways in the Commissioner's regulations, through which a nonpublic school may demonstrate substantial equivalence. After oral argument, we invited the parties to address in writing the impact of the amendment on this appeal.
To the extent petitioners' challenge implicates Education Law § 3204's substantial equivalency pathways, the amendment renders any such challenge moot and no exception to the mootness doctrine applies (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003]).[FN5] That leaves petitioners' challenge to the regulations.
Petitioners contend that they, like other nonpublic schools, students and parents, continue to suffer consequences of enforcement efforts under the regulations. They reassert that the regulations that deem a nonpublic school noncompliant with the Education Law exceed statutory authorization. Respondents assert that the recent amendment to Education Law § 3204 does not displace the challenged portion of the regulations.
Our analysis of the regulations is necessarily cabined because we are not presented on this appeal with the legality of Part 130 in its entirety. Supreme Court determined that 8 NYCRR 130.6 (c) (2) (i) and 8 NYCRR 130.8 (d) (7) (i) were invalid. The Appellate Division reversed, holding those provisions were lawfully promulgated pursuant to the Commissioner's authority under the Education Law and declaring them valid (see 230 AD3d at 89-90). Petitioners sought and were granted leave to appeal from that order (see 2024 NY Slip Op 74188[U], *1). Therefore, our scope of review is limited to petitioners' facial challenge to the Commissioner's authority to promulgate these specific provisions. We agree with the parties that petitioners' claim that the Commissioner lacked authority to issue 8 NYCRR 130.6 (c) (2) (i) and 8 NYCRR 130.8 (d) (7) (i) is unaffected by the amendment. These regulatory provisions concern the consequences of a final negative determination and not the methods by which nonpublic schools may demonstrate substantial equivalence. Therefore, the parties' rights will be affected by our decision because there exists an "independently determinable and potentially decisive issue[ ] raised and litigated as to whether there are legal grounds for respondent's promulgation" of these provisions (Matter of Ford v New York State Racing & Wagering Bd., 24 NY3d 488, 493 [2014]). We now turn to petitioners' claim.
IV.
Challenge to the Regulatory Declaration
Petitioners argue that 8 NYCRR 130.6 (c) (2) (i) and 8 NYCRR 130.8 (d) (7) (i) are invalid because they compel parents to "unenroll" their children from schools deemed not substantially equivalent, authorizing and necessarily leading to school closures, and that this exceeds the authority of the Commissioner. Respondents contend that the challenged regulations do neither of these things.
"[A]n agency 'is clothed with those powers expressly conferred by its authorizing statute, as well as those required by necessary implication' " (Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 221 [2017], quoting Matter of City of New York v State of N.Y. Commn. on Cable Tel., 47 NY2d 89, 92 [1979]). When an agency is granted rulemaking authority, so long as its regulation does not contradict the enabling statute and "is not so lacking in reason for its promulgation that it is essentially arbitrary, the rule has the force and effect of law" (Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, 2 NY3d 249, 254 [2004] [internal quotation marks and citation omitted]).
The Education Law expressly authorizes the Commissioner to issue final substantial equivalency determinations for nonpublic schools governed by the Felder Amendment, and section 3204 (2) (v) provides that "[t]he commissioner shall be the entity that determines whether nonpublic elementary and secondary schools are in compliance with the academic requirements set forth in paragraphs (ii) and (iii) of this subdivision" (Education Law § 3204 [2] [v]). Paragraphs (ii) and (iii), respectively, set forth non-exhaustive lists of factors to be considered in determining substantial equivalence, including, for example, whether "the curriculum provides academically rigorous instruction" (id. § 3204 [2] [ii]). The regulatory provisions at issue here state that, in the event of a negative substantial equivalency determination, "the nonpublic school shall no longer be deemed a school which provides compulsory education fulfilling the requirements of Article 65 of the Education Law" (8 NYCRR 130.6 [c] [2] [i]; 130.8 [d] [7] [i]). A determination that a nonpublic school has failed to meet the substantial equivalence requirement leads naturally to this acknowledgement—that the nonpublic school fails to comply with the Education Law's substantial equivalency mandate and thus is not a school that fulfills the statutory requirement for compulsory education. Far from exceeding the Commissioner's statutory authority, the regulations simply establish a mechanism by which the statutory mandate is enforced. In this regard, instead of being contrary to the statute's purpose, the challenged regulations are a natural consequence flowing from the statutory language itself.
Contrary to petitioners' claims, nothing in these provisions requires that parents "unenroll" their children from a nonpublic school deemed not to provide substantially equivalent instruction. Nor do the regulations authorize school closures. The provisions merely state that the nonpublic school does not provide substantially equivalent instruction—a determination well within the authority provided to the Commissioner by the statute. The parent or custodian must determine how then to ensure their compliance with the Education Law.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Order affirmed, with costs. Opinion by Judge Rivera. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided June 18, 2025

Footnotes

Footnote 1: Petitioners refer to these as the Department of Education's regulations. The Department issued revised substantial equivalency guidelines, which were successfully challenged for failure to comply with the State Administrative Procedure Act rulemaking process (see Matter of New York State Assn. of Ind. Schs. v Elia, 65 Misc 3d 824 [2019]). However, the Commissioner thereafter promulgated the underlying regulations.

Footnote 2: The named petitioners are Parents for Educational and Religious Liberty in Schools (PERLS), Agudath Israel of America, Torah Umesorah, Mesivta Yeshiva Rabbi Chaim Berlin, Yeshiva Torah Vodaath, Mesivtha Tifereth Jerusalem, Rabbi Jacob Joseph School, and Yeshiva Ch'san Sofer—The Solomon Kluger School.
Footnote 3: The Commissioner's official title is "Commissioner of Education and President of the University of the State of New York" (see Education Law § 2 [5]; 8 NYCRR 1.1 [e], [j]; Commissioner Betta A. Rosa, New York State Education Department, https://www.nysed.gov/about/commissioner).
Footnote 4: Supreme Court dismissed as moot petitioners' causes of action asserting that the regulations were arbitrary and capricious because they created an impermissible licensing scheme and requesting a temporary stay. The court also dismissed petitioners' constitutional and State Administrative Procedure Act claims on the merits.

Footnote 5: Petitioners also assert two new claims. First, that the Department has erroneously determined that the amendment's pathways are not available to any nonpublic schools that received final negative determinations before the Legislature enacted the amendment. Second, that the Department's recent guidance denies nonpublic schools that received preliminary negative determinations the full benefit of the amendment's phase-in period. These claims, insofar as they involve rights asserted under the newly enacted amendment, are not properly before us on this appeal.